[Farrow v. Sturdivant Bank.]

# Farrow *v.* Sturdivant Bank.

*Bill to Require Surrender of a Contract and to Enjoin*
*a Suit at Law.*

(Decided February 13, 1913.  61 South. 286.)

1. *Quieting Title; Title in Possession.*—The bill examined and held not maintainable as a bill to quiet title, either under the statute or otherwise, complainant not being the present owner or claimant, or in possession.

2. *Estoppel; Inducement to Act.*—The respondent in this case held not to be estopped to sue for the breach of a contract of sale because after the sale he asserted that he was satisfied therewith.

3. *Appeal and Error; Remandment.*—Where a bill was subject to a general demurrer, the appellate court will render a decree sustaining demurrer, and will remand the cause for further action in the lower court.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the Sturdivant Bank, a partnership, against C. A. Farrow, to require defendant to surrender and deliver up a contract, to cancel the same, and to enjoin defendant from prosecuting his suit in the circuit court of Tallapoosa county, on said contract, and for general relief.   From a decree overruling demurrers to the bill, respondent appeals.  Reversed, rendered, and remanded.

The bill alleges, in effect, that the complainant bank had a mortgage on certain lots in the town of Dadeville, which are fully described, and on a stock of goods and other property, to secure a certain sum which respondent owed orators, and to secure an additional sum for loans and advances to be made by the bank to respondent, Farrow; that, the indebtedness being past due and unpaid, complainant and respondent made an agreement to purchase the real estate described from the

respondent for the sum of $2,500, which was credited to Farrow's indebtedness, and the said Farrow and wife executed a deed to said property to orator; that after the execution of said deed said Farrow expressed a desire of repurchasing the property if he should become able to do so, whereupon orator executed to Farrow a contract, a copy of which is set out, and the effect of which is that if the said Farrow pay to the bank the $2,500, with interest from date to the time of said payment, the said bank would execute to Farrow a deed to said real estate, conveying the title of same to said Farrow. It is then alleged that nothing has been paid by respondent on said amount of $2,500, as evidenced by said agreement. That after the execution of the above contract, it was agreed between the same parties that if they could sell the property for a sum greater than $2,500, then they would pay Farrow whatever difference was realized above $2,500; it being further agreed that Farrow was to receive a credit of $2,500 in any event, and that orator was to sell for such sum as he could obtain. That orator was unable to sell the property for more than $2,500, but after several months, succeeded in selling it at that sum to one J. L. Fuller, and informed the said Farrow to whom the property was sold, and of the fact that he could not obtain more than $2,500 for it, and that Farrow made no objection, but expressed himself as being satisfied therewith. It is then alleged that Fuller had sold the property to other parties, and they had made valuable improvements thereon, and that while these improvements were being made Farrow knew that the various parties were spending large sums of money thereon, and offered and expressed no objection and no desire to repurchase, and asserted no right or claim to do so under the contract, and had not done so at any time prior to the making of the

[Farrow v. Sturdivant Bank.]

improvements. It is then alleged, in effect, that Farrow approached the complainant and offered to repurchase and demanded the execution of the deed, but made no offer to pay for the improvements that had been placed thereon, and that when complainant declined to execute said deed to Farrow, telling him that he did not then own the property, Farrow brought suit against orator for a breach of the contract.

LACKEY & WATKINS, for appellant. The bill was not maintainable as one to quiet title.—*Ashurst v. McKenzie,* 92 Ala. 484. Equity will not intervene simply to appease complainant's apprehension of future trouble. —*Reeves v. Longstreet,* 54 Ala. 291; *March v. England,* 65 Ala. 275. The bill was subject to general demurrer. —15 Wall. 373; *Merritt v. Ehrman,* 116 Ala. 278; *Calhoun County v. Art Metal Co.,* 152 Ala. 612; *Hickman v. Richberry,* 122 Ala. 638, and authorities supra.

JAMES W. STROTHER, for appellee. The bill contained equity and the court properly overruled demurrers thereto.—*Rea v. Longstreet,* 54 Ala. 291; *Bank v. Pruitt,* 128 Ala. 470; 9 Am. St. Rep. 854; 30 N. J. E. 364; 18 N. J. E. 370.

ANDERSON, J.—The complainant being neither the present owner, nor claimant of the land, nor in the possession of same, actual or constructive, cannot maintain a bill to quiet title under the statute, or otherwise, independent of some other equity.

The equity attempted to be set out in the bill is based upon the idea that the complainant has an equitable defense to the pending action at law, not available in a court of law, and we are unable to conclude, from the averments of the bill, that such is the case. The bill

attempts to set up an equitable estoppel in pais against the respondent's right to recover for a breach of the agreement to reconvey the land, and if such an estoppel was disclosed, it might not be available as a defense in law, and the bill would probably contain equity; but the bill does not aver that Farrow consented to a sale of the land to Fuller, or any one else, except for a sum greater than $2,500, and provided the excess was paid over to him, and therefore fails to charge that the said Farrow consented to the sale to Fuller. It may be true that the bill sets out that, after complainant had sold and conveyed the land to Fuller, the respondent informed Farrow of the fact, and he not only made no objection, but expressed himself as being satisfied and promised to surrender to the respondent the agreement to reconvey the land. It also avers that the grantee, Fuller, has made valuable improvements on the land; and, if such was the case, Farrow might be estopped by said ratification from going after Fuller by redeeming the land, but it must be observed that the action at law is for a breach of the agreement by the complainant, and the question is whether or not there exists an equitable estoppel in pais to the said Farrow's right to recover for a breach of the agreement. As above stated, the bill does not charge that Farrow consented to the sale in question, and while he may have acquiesced in same after it was made to Fuller, this complainant did not act upon said acquiescense, or suffer any detriment by virtue of same, as the sale had been made before Farrow acquiesced in same. " 'It is a general rule of law that if a man, either by words or conduct, has intimated that he assents to an act which has been done, and that he will not offer opposition to it, although it could not have been lawfully done without his consent, and he thereby induces another to do that from which they

otherwise might have abstained, he cannot question the legality of the act he had so sanctioned, to the prejudice of those who have so given faith to his words, or to the fair inference to be drawn from his conduct.' And again, 'If a party has an interest to prevent an act being done, and acquiesces in it, so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no more right to challenge the act to their prejudice than he would have had it been by his previous license.' The estoppel resting upon the grantors, being free from all fraud, binds their creditors. One claiming under or through another who is bound by an estoppel is affected and bound by it."—*Goetter v. Norman,* 107 Ala. 585, 19 South. 56; *Fields v. Killion,* 129 Ala. 373, 29 South. 797. It must be observed that the conduct relied upon as an equitable estoppel must have induced the party relying upon same to act, and which is not shown to have been the case by the present bill.

The chancery court erred in not sustaining the respondent's demurrer to the bill for want of equity, and the decree is reversed, and one is here rendered sustaining said demurrer. Under the rule laid down in the case of *Singo v. Brainard,* 173 Ala. 64, 55 South. 603. the case is remanded.

Reversed, rendered, and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.