(87 South. 593)

## CLARK v. HOUSE. (7 Div. 91.)

(Supreme Court of Alabama. Nov. 25, 1920. Rehearing Denied Jan. 13, 1921.)

**1. Acknowledgment ⬤≈29—Indorsement of attestation of transfer of mortgage sufficient to authorize admission.**

A writing, offered by plaintiff in ejectment to show transfer of mortgage to her, purporting to have been made and signed at the foot by the transferor and her husband, with indorsement, immediately after their signature: "Subscribed and sworn to before me this 24th day of May, 1918. J. T. Gardner, Jr., Notary Public"—affirmatively showed by such indorsement that the parties subscribed to the paper in the presence of the notary, and that the manifest purpose of his indorsement was to attest their signatures, which was sufficient compliance with Code 1907, § 3355, to authorize admission of the paper in evidence on proof of execution.

**2. Mortgages ⬤≈339—Efficacious execution of transfer of mortgage to plaintiff as conveyance of legal title not essential to plaintiff's exercise of power of sale.**

Efficacious execution of transfer of a mortgage as a conveyance of the legal title to the land was not essential to its admissibility as evidence in ejectment by the transferee, basing title on foreclosure of the mortgage, for, though the transfer was not properly executed, it was admissible to show assignment of the debt and power of sale under the mortgage to the transferee, vesting in her the right to exercise the power of sale by foreclosure, under Code 1907, § 4896, providing that the power of sale follows assignment of the debt.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Ejectment by Emeline House against Lon Clark. There was a directed verdict for the defendant, which, on motion of the plaintiff, was set aside, and new trial ordered, and from this last judgment the defendant appeals. Affirmed.

The paper referred to was a paper granting, bargaining, selling, and conveying to Mrs. Emeline House all of the right, title, interest, and claim of Flora F. Young and her husband, H. A. Young, in and to a certain mortgage executed by Hooks and wife to Mrs. Young. The mortgage conveyed land sued for in this suit, and was foreclosed and by mesne conveyances was transferred to Emeline House.

J. M. Miller, of Gadsden. and C. F. Douglas, of Anniston, for appellant.

The paper objected to did not convey the legal title. Section 3355, Code 1907; 69 Ala. 324; 62 Ala. 28; 132 Ala. 148, 31 South. 469. The court therefore properly directed a ver-

dict for the defendant, and erred in setting the same aside.

Tate & Logan, of Anniston, for appellee.

The paper was properly attested, and was admissible in evidence on proof of its execution. 122 Ala. 510, 26 South. 152; 95 Ala. 533, 10 South. 345.

BROWN, J. [1] The writing offered by the plaintiff to show the transfer of the mortgage by Flora F. Young to Mrs. Emeline House purports to have been made and signed at the foot by Mrs. Young and her husband, H. A. Young, and immediately after their signature the following indorsement appears:

"Subscribed and sworn to before me this 24th day of May, 1918.
"J. T. Gardner, Jr., Notary Public."

This indorsement affirmatively shows that the parties subscribed to the paper in the presence of Gardner, and the manifest purpose of his indorsement was to attest their signature. This was sufficient compliance with the statute (Code 1907, § 3355), to authorize the admission of the paper in evidence on proof of its execution (Jones v. Hagler, 95 Ala. 533, 10 South. 345; Arrington v. Arrington, 122 Ala. 510, 26 South. 152).

The paper dealt with in Dugger v. Collins & McRae, 69 Ala. 324, assumed—

"to convey to Collins all right, title, and interest of McRae in the estate, real and personal, of Josephine McRae, deceased, to secure the payment of a note for $620."

In that case it was held that the signature of Peter Lydon did not purport to attest the signature of McRae, but rather the signature of his wife to the writing, joining in the conveyance and relinquishing her dower rights in the property. The court observed:

"The certificate of the justice: 'Sworn to and subscribed before me this 9th day of February, 1872. Peter Lydon, Justice of the Peace'—is appended to the paper and signature of Mrs. Sophia McRae, and contains no reference to the signature of H. C. McRae. The face of the paper indicates clearly that the certificate refers to the last antecedent conveyance"—the relinquishment of dower.

[2] Another view: The efficacious execution of the transfer as a conveyance of the legal title to the land was not essential to its admissibility as evidence in this case; though not so executed, it was admissible to show the assignment of the debt and the power of sale under the mortgage to Mrs. House, vesting in her the right to exercise the power of sale by foreclosure. Code 1907, § 4896; Martinez v. Lindsey and Gay, 91 Ala. 334, 8 South. 787.

It follows, therefore, that the court erred

in rejecting the evidence offered by the plaintiff on the trial, and hence properly granted the motion for new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.