(113 So. 1)
**PATTILLO v. TUCKER.** (8 Div. 923.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied May 26, 1927. Further Rehearings Denied June 18, 1927, Oct. 20, 1927.

1. **Mortgages ⊜334, 340—Assignee of mortgage could foreclose, but not to prejudice of mortgagor after bill was filed to redeem.**

Although assignee of mortgage had right to foreclose under power of sale as mortgagee, he could not foreclose to prejudice of mortgagor after bill was filed to redeem.

2. **Mortgages ⊜605 — Where bill to redeem from mortgage was equitable bill, mortgagor need not tender amount and follow it into court as condition precedent.**

Where bill to redeem from mortgage charged that mortgagee or his assignee claimed more than was due under mortgage and sought an accounting with an offer to pay whatever sum should be ascertained as due, it was not necessary for mortgagor to have tendered amount and followed it into court as condition precedent, since bill sought to enforce equitable rather than statutory right of redemption; question of tender in such cases affecting only taxation of cost.

3. **Estoppel ⊜83(1)—Party invoking estoppel must have in good faith been ignorant of true facts at time representation is made to him and that he acted with diligence to learn truth.**

Party who invokes an estoppel must have in good faith been ignorant of true facts at time representation is made to him and at time he acted thereon, and must show that he acted with diligence to learn truth.

4. **Estoppel ⊜83(3)—Mortgagor was not estopped from disputing amount due by his signed statement as to amount due to then mortgagee and subsequent conduct in requesting assignee to purchase mortgage.**

Mortgagor was not conclusively estopped from disputing amount due by his signed statement as to amount due to then mortgagee and his subsequent conduct in requesting defendant to purchase mortgage, accompanied by reaffirmation that statement was correct, where slightest care would have disclosed to defendant considerable difference between amount actually due on note and mortgage and amount as set out in statement.

5. **Mortgages ⊜594(1)—Complainant was not prevented from maintaining bill to redeem from mortgage by deed to son delivered in escrow.**

Complainant was not prevented from maintaining bill to redeem from mortgage because of deed to son which was delivered in escrow; there being nothing to indicate compliance with requirements essential to final delivery.

6. **Mortgages ⊜591(1)—Mortgagor could not be denied right to redeem from mortgage because of failure to comply with promise to secure to defendant other debts.**

Mortgagor could not be denied right to redeem from mortgage because of failure to comply with promise to secure to defendant other debts extraneous to subject-matter of controversy.

7. **Frauds, statute of ⊜56(4)—Oral contract to give mortgage to secure debt was void (Code 1923, § 8034).**

Under Code 1923, § 8034, contract which was not in writing, to secure note and chattel mortgage debt by mortgage on land, was void.

**On Rehearing.**

8. **Mortgages ⊜621—In suit to redeem from mortgage, mortgage sale should have been set aside only in event complainant redeemed under terms of decree.**

In suit to redeem from mortgage in which complainant charged that mortgagee or assignee claimed more than was due under mortgage and sought an accounting with offer to pay whatever sum should be ascertained as due, mortgage sale should have been set aside only

in event complainant redeemed under terms of decree.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill in equity by W. E. Tucker against M. Pattillo and another, and cross-bill by Pattillo. From a decree for complainant, respondent (cross-complainant) appeals. Corrected and affirmed.

On February 9, 1924, complainant Tucker filed his bill against Minnie Hartselle and M. Pattillo, alleging that on April 15, 1914, he executed to Hartselle a certain mortgage on lands to secure an indebtedness of $855, maturing January 1, 1915, and bearing interest from date; that, through confederation or combination of defendants, Hartselle during "the present month," transferred and assigned said mortgage to Pattillo, who unjustly claims and demands the sum of $1,661 as due thereon, whereas, complainant states, sums totaling $229.75 were paid on the mortgage during 1919 and 1920; that "the said mortgage was usurious in that defendants claim that it was agreed and understood that the complainant should pay, and the defendant would receive, over 12 per cent. per annum interest, which this complainant denies; the defendants further claim compound interest on said mortgage and amount due thereon"; that prior to filing the bill complainant made tender to Pattillo of the full amount of mortgage debt and interest, which was, and is still, refused. Complainant offers to do equity, to pay any and all sums found to be due, and prays to be allowed to redeem upon payment of the amount ascertained.

On June 7, 1924, complainant filed an amendment to the bill so as to describe correctly the land involved; on the previous day (June 6) he filed lis pendens notice in the office of the judge of probate.

Pattillo, on June 9, 1924, filed answer and cross-bill, and thereafter filed amendments thereto, alleging that on February 4, 1924, complainant came to him and stated that the mortgage given by him to Hartselle was threatened to be foreclosed; that at the time complainant owed him (Pattillo) $24.08 on chattel mortgage past due, and owed the First Mortgage Company a note for $138.40, including interest and attorney's fee, on which note Pattillo was accommodation indorser and which was in the hands of an attorney for collection; that on said occasion complainant sought Pattillo's aid to secure a loan to take up the Hartselle mortgage and the note of the mortgage company, offering to secure Pattillo for the amount necessary and to include the small chattel mortgage debt due Pattillo; that Pattillo agreed to examine the Hartselle mortgage and, if satisfactory with the mortgagee, to take up the mortgage, take a transfer of it, and take a second mortgage to secure the several debts;

that after this conversation Pattillo examined the Hartselle mortgage and found attached thereto the following statement:

"We hereby certify and agree that the balance due on the note and mortgage, on January 1, 1923, dated April 15, 1914, recorded in volume 187, p. 265, to be of this date $1,526.82.

"Signed this 28th day of June, 1922.

"W. E. Tucker.

"Witness: J. A. Hartselle."

It is further alleged that complainant came to Pattillo on February 6, 1924, and Pattillo reported to him that he had found the foregoing statement and the balance then due with interest was $1,661.05; that complainant acknowledged the correctness of the amount as shown by the statement and that he had signed the same, and requested Pattillo to pay the mortgagee, Hartselle, the said amount of $1,661.05, to take a transfer of said mortgage and hold the same as security for the amount so paid, and agreed to give Pattillo a second mortgage on the land to secure the mortgage company note and the chattel mortgage debt due Pattillo; that, relying upon the statement and promise of complainant, Pattillo paid to Hartselle said $1,661.05 and took a transfer of the mortgage to him in these words:

"For value of $1,661.05 I hereby transfer the within note and mortgage to M. Pattillo, without recourse either in law or equity. This the 6th day of February, 1924. Minnie Hartselle."

It is further alleged that no part of said mortgage debt has been paid and that complainant has not tendered said amount or offered to pay same; that complainant did offer to pay some amount in settlement of said mortgage debt, which Pattillo declined, but agreeing to accept the said amount of $1,661.05; that complainant declined to pay said sum and thereafter filed the bill in this cause.

It is further alleged that Pattillo, in purchasing the mortgage, did not calculate the amount of interest, had no knowledge that usurious interest had been charged or that the mortgagor had agreed to pay usurious interest, and relied solely upon the statement of complainant that the amount due was correctly shown in the statement attached to the mortgage, figuring interest on the amount due according to said statement, and that he had no conversation with Hartselle or her agent in reference to the matter other than shown.

It is further alleged in the cross-bill that the land described in the original bill was entirely different from the land described in the mortgage; that the error of description was called to the attention of complainant's solicitor; that having waited for a long time for complainant to amend his bill so as to correctly describe the land, and complainant failing to do so, on

May 29, 1924, he, as transferee of the mortgage, proceeded to sell the land by foreclosure proceedings, and did on June 7, 1924, sell same, J. B. Leeman becoming the purchaser; that thereafter Leeman conveyed the land back to Pattillo.

It is prayed that the foreclosure of said mortgage be confirmed and title to the land decreed in Pattillo; that complainant be required to elect whether or not he will redeem said land from said foreclosure.

A decree for foreclosure of the Hartselle mortgage, with declaration of Pattillo's lien, and general relief is also sought.

Complainant in answer to the amended cross-bill avers that the mortgage itself showed that the amount indorsed thereon was swollen and beyond reason; that said amount was indorsed thereon by the fraud of James Hartselle, acting as agent for the mortgagee; that complainant had made arrangements with one Wood to take over the mortgage for him; that Pattillo tried to get Wood to buy the mortgage for the benefit of Pattillo; that Wood informed Pattillo before said mortgage was transferred that the same was usurious and that Hartselle was claiming, in addition to usury, compound interest; that Pattillo "rushed in" to get hold of said mortgage in order to make complainant secure another and different debt claim by Pattillo, and then proceeded to foreclose, using Leeman as a go-between.

The trial court by its decree on pleading and proof found in agreement with complainant's contention; decreed that complainant was entitled to redeem from the Hartselle mortgage upon payment of the amount due on said mortgage indebtedness, including interest at 8 per cent. to the date of redemption, that the foreclosure sale by Pattillo be set aside, and that the register hold a reference to ascertain the amount due upon the mortgage indebtedness. The cross-bill was dismissed.

Sample & Kilpatrick, of Hartselle, for appellant.

The pendency of the bill did not suspend the right in defendant to exercise the power of sale vested in him as transferee of the mortgage. Presnall v. Burgess, 181 Ala. 263, 61 So. 804; 2 Jones on Mortgages (6th Ed.) 863; Stevens v. Shannahan, 160 Ill. 330, 43 N. E. 350; Tarver v. Haines, 55 Ala. 503. The facts in this case are entirely different from those in Carroll v. Henderson, 191 Ala. 251, 68 So. 1. Complainant was estopped to question the amount of the mortgage debt or to set up usury. Jones v. Moore, 212 Ala. 251, 102 So. 200; Langley v. Andrews, 142 Ala. 665, 38 So. 238; Wilkinson v. Searcy, 74 Ala. 243; Auerbach v. Pritchett, 58 Ala. 451; 3 Mayfield's Dig. 422, 424, 425; May v. Folsom, 113 Ala. 198, 20 So. 984. The mortgagor could not redeem without paying advances made by

transferee. 2 Jones on Mortgages (6th Ed.) § 1079; 1 Jones, § 163; 27 Cyc. 824; Thurman v. Bell, 54 Ark. 273.

E. W. Godbey, of Decatur, for appellee.

The words "balance due" on the statement attached to the mortgage put Pattillo on notice of previous partial payments. 1 Words and Phrases First Series, p. 679. The purchase at the sale which the bill to redeem was pending was wholly ineffective. Rudisill Co. v. Eastham Co., 210 Ala. 145, 97 So. 219; Burns v. Mortgage Co., 199 Ala. 77, 73 So. 987. A foreclosure cross-bill against a bill to redeem has no equity. Burns v. Mortgage Co., supra; McAllister v. Catchings, 210 Ala. 392, 98 So. 303.

ANDERSON, C. J. The trial court prepared an able and elaborate opinion in this case which is, in the main, correct and which has been quite helpful to us in the consideration of this appeal.

[1, 2] The appellant insists that there was a valid foreclosure of the mortgage under the power of sale. As assignee of the mortgage he had the right to foreclose (Clark v. House, 205 Ala. 195, 87 So. 593), but he cannot do this to the prejudice of the mortgagor after a bill is filed to redeem. "A mortgagee or assignee cannot, after bill filed by the mortgagor to redeem, proceed to foreclose under the powers, and thus cut off the privilege to exercise the equitable right of redemption." Johnson v. Smith, 190 Ala. 524, 67 So. 401. In the case of Presnell v. Burgess, 181 Ala. 270, 61 So. 804, it was held to the contrary, but this case was qualified, and it is the law that while such a sale is not absolutely suspended by the pendency of a bill to redeem, its exercise is subject to the equity of the bill as decreed by the court. Carroll v. Henderson, 191 Ala. 250, 68 So. 1; National B. & L. Ass'n v. Cheatham, 137 Ala. 395, 34 So. 383. If the equity of the bill is not sustained, the bill should be dismissed. The bill in the instant case charges that the mortgagee or his assignee claimed more than was due under the mortgage and sought an accounting with an offer to pay whatever sum may be ascertained as due, and it was not necessary for the mortgagor to have tendered the amount and followed it into court as a condition precedent, as this bill seeks to enforce an equitable rather than a statutory right of redemption. Johnson v. Smith, 190 Ala. 524, 67 So. 401. And the question of tender in cases of this character can only affect the taxation of cost. 27 Cyc. 1830.

[3, 4] The next and most serious question, as stated by the trial court, is whether or not the complainant mortgagor is conclusively estopped from disputing the amount due by his signed statement as to the amount due to the then mortgagee or her agent and his subsequent conduct in requesting Pattillo to pur-

chase the mortgage, accompanied by a reaffirmation that the statement was correct. Ordinarily an obligor who procures another to take up or purchase his obligation is estopped from setting up any previously existing defense as against said obligation (Langley v. Andrews, 142 Ala. 672, 38 So. 238), or from pleading usury as against the assignee of said obligation who purchased same at his instance (Jones v. Moore, 212 Ala. 251, 102 So. 200). But it must also be borne in mind that a party who invokes an estoppel must have in good faith been ignorant of the true facts at the time the representation is made to him and at the time he acted thereon, and he must show that he acted with diligence to learn the truth. 2 Pom. Eq. (3d Ed.) § 810; 10 R. C. L. 696.

"Where, therefore, one with convenient opportunity to ascertain the real facts by the exercise of reasonable diligence fails to do so, he will not be permitted to defeat another's just rights by urging an equitable estoppel based upon his having acted to his disadvantage in reliance upon the other's innocently mistaken representation regarding the facts." 10 R. C. L. 696.

"If he knew, or under all the circumstances ought to have known the facts, the estoppel, even if the representation was made on oath, falls to the ground." Bigelow on Estoppel (5th Ed.) 627.

We are inclined to believe the respondent Pattillo's version of the transaction notwithstanding the denial of the complainant, but it appears that he procured the note and mortgage and had them in his possession some time before he finally purchased same from Miss Hartselle, the mortgagee. He is an intelligent and experienced business man, and the slightest examination of the instruments and calculation of interest would have clearly demonstrated a considerable error in the statement attached to the mortgage, and which was signed and subsequently admitted by the complainant, who was considerably inferior to Pattillo from a standpoint of intelligence and business experience. In other words, the slightest care would have disclosed a considerable difference between the amount actually due on the note and mortgage and the amount as set out in the statement. It is contended or suggested that the statement would be approximately correct if 10 per cent. interest were allowed if compounded, and that this merely amounted to usury and the complainant, in effect, waived the right to plead usury under the former decisions of this court. There might be merit in this contention if the discrepancy consisted entirely of usurious interest, but there is nothing in the papers which indicates that they were to bear usurious interest. On the other hand, the note expressly provides for 8 per cent. interest, and a computation at that rate would have disclosed the error in the statement signed by the complainant.

[5] It is insisted that this complainant cannot maintain the present bill to redeem because he has conveyed the land to his son, citing the case of Cardwell v. Virginia State Ins. Co., 186 Ala. 261, 65 So. 80. This contention would no doubt be sound if properly presented by the pleading, but the record shows no unqualified or unconditional conveyance, the deed has been delivered in escrow, and there is nothing to indicate a compliance with the requirements essential to a final delivery.

[6, 7] Nor should the complainant be denied relief because of a failure to comply with a promise to secure to the respondent other debts extraneous to the subject-matter of the present controversy. 10 R. C. L. § 140; Harris v. Harris, 208 Ala. 23, 93 So. 841. Moreover, the contract as to these other matters was not in writing and was void under the statute of frauds. Code 1923, § 8034; Thompson v. New South Co., 135 Ala. 630, 34 So. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

## On Rehearing.

ANDERSON, C. J. [8] We did not pass upon the dismissal of the cross-bill for the reason that we understood that if the complainant did not redeem the land within 30 days, as directed by the decree, the bill would stand dismissed and the respondent would not need a foreclosure of the mortgage as the sale under the power would stand if the redemption money was not paid. We overlooked the fact that the respondent's mortgage sale seems to have been unconditionally set aside, and think it should have been set aside only in the event the complainant redeemed under the terms of the decree, and, as to this, the decree of the trial court is corrected and modified. Cost of appeal to be taxed to appellee.

Rehearing denied.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.