(122 So. 426)
## FEDERAL LAND BANK OF NEW ORLEANS v. SOUTHMONT MFG. CO. et al. (5 Div. 7.)

Supreme Court of Alabama. March 28, 1929.

Rehearing Denied May 30, 1929.

Denson & Denson, of Opelika, for appellant.

Jas. W. Strother, of Dadeville, for appellees.

THOMAS, J. The bill was by purchaser at foreclosure sale to prevent the cutting of timber on the land. The injunction was dissolved on the hearing and on motion reinstated pending the appeal.

The submission was upon appellees' motion and "on merits." The ex parte hearing on petition for reinstatement of injunction was to the judge dissolving the same and within authority and power of that official as contained in Chancery Rule, Ann. Code 1928, § 100 [193], p. 1951; Robertson v. Montgomery Base Ball Ass'n, 140 Ala. 320, 37 So. 241.

The order of reinstatement, directing that, upon the "filing of notice of appeal and the approval by the register of security for costs of the appeal, said temporary injunction be and the same is hereby reinstated and shall be effective *as heretofore, pending appeal;* the register will give notice of this order to the respondents or their solicitor of record," without requiring execution of other bond, was without authority of law and did not subject the bond, or its obligors, theretofore executed on granting temporary injunction, to additional obligation or liability; nor did it so subject to liability the sureties for costs to take the appeal. However, this is no authority for dismissing the appeal that was taken as required by law.

The failure of the register to give the required notice of reinstatement of injunction will not authorize dismissal of the appeal, if taken as required by law.

The fact that the notice of or security for costs of the appeal given is not signed by the appellant will not authorize dismissal of the appeal. The notice of and prayer for appeal was executed by the solicitor of record for complainant appellant (section 6131, Code; Crump v. Wallace, 27 Ala. 277), and the security for the appeal taken to the Supreme Court by the Federal Land Bank of New Orleans, complainant, etc., duly signed as required by law and "taken and approved by the register." It was not necessary for appellant to give the notice of appeal; the security for costs given and the names of said sureties are certified with the record to this court. Sections 6078, 6131, Code; Supreme Court Rule 30; Mayfield v. Court of County Commissioners of Tuscaloosa County, 148 Ala. 548, 41 So. 932; Marshall v. Croom, 50 Ala. 479; Satterwhite v. State, 28 Ala. 65.

The motion to dismiss the appeal is denied.

The action of the trial court as to the injunction is now to be considered on the merits.

The theory of the denial of injunctive relief by the trial court was rested upon that of an estoppel. The rules entering into or governing such doctrine need not be stated. Bigelow on Estoppels (5th Ed.) 207; 16 Cyc. 680; Ivey v. Hood, 202 Ala. 121, 123, 79 So. 587, and authorities [5]; Dinkins v. Latham, 154 Ala. 90, 45 So. 60; Greil Bros. v. McLain, 197 Ala. 136, 72 So. 410; Hendrix v. Southern Ry. Co., 130 Ala. 205, 30 So. 596, 89 Am. St. Rep. 27; Burleson v. Mays, 189 Ala. 107, 66 So. 36; Fields v. Killion, 129 Ala. 373, 29

So. 797; Scharfenburg v. New Decatur, 155 Ala. 651, 47 So. 95; Snodgrass v. Snodgrass, 212 Ala. 74, 80, 101 So. 837; Farrow v. Sturdivant Bank, 181 Ala. 283, 287, 61 So. 286. The question, therefore, is not one of specific performance as affected by the statute of frauds (as in Ezell v. Holland, 210 Ala. 694, 99 So. 78), but one of estoppel by conduct (Ivey v. Hood, supra; Pattillo v. Tucker, 216 Ala. 572, 113 So. 1) of a mortgagee as to enforcing his debt from the security by the land or timber standing thereon and the right to prevent a purchaser from the mortgagor to cut and remove the same.

■ The appellant complainant alleged in its bill that it held a mortgage on the lands executed by Vines, and that respondent was preparing and threatening to cut the timber therefrom, destroying or impairing its security. The defendant answered the bill as amended, averred that the timber was purchased by Tucker Land Company from said Vines and by the former conveyed to defendant Southmont Manufacturing Company, and said grantor, Tucker Land Company, paid complainant $500 of the agreed purchase price for said timber for a release of that part of the security from the mortgagee, and the other part of the purchase price of timber to Sturdivant Bank to procure a release of said property or timber from a second mortgage; that is, respondents' defense to the amended bill was the acceptance by the first mortgagee of one half of the purchase price of timber from Tucker Land Company for the release, and permitting Tucker Land Company to pay the other half of the purchase price to Sturdivant Bank, and thus that complainant Land Bank was estopped from asserting claim to the timber under the mortgage. Snodgrass v. Snodgrass, 217 Ala. 131, 115 So. 21; Fields v. Killion, supra; Goetter, Weil & Co. v. Norman, 107 Ala. 585, 19 So. 56.

The condition of Tucker Land Company and Southmont Manufacturing Company was altered to their prejudice by reason of the acceptance and collection of the $500 check by the first mortgagee and credit by latter to mortgagor on his note and mortgage and no part thereof returned to the Tucker Land Company, grantor of defendant, and it would not be in accord with the principles enforced in courts of equity to allow complainant to assume an equivocal or inconsistent attitude to the detriment of such purchaser of that timber. Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95. And the decree of the circuit court was that of an estoppel by conduct, where one by acts intended and contemplated to induce, and did induce, another to alter his condition so that it would be a fraud in law on him to allow the actor to take an inconsistent attitude to the detriment of the other. Pattillo v. Tucker, 216 Ala. 572, 113 So. 1.

■ It is declared in this court, as to waste by cutting timber as between mortgagor and mortgagee and a purchaser from the former, that, in the absence of express stipulations in the mortgage, a mortgagor or his vendee may be enjoined from cutting timber on the land when the value of the security is thereby impaired or endangered. Moses v. Johnson, 88 Ala. 517, 7 So. 146, 16 Am. St. Rep. 58. Thus the right of injunction at the instance of mortgagee against waste is not absolute and irrespective of ultimate result; it exists only when it impairs the security or renders it insufficient (Owings·Lbr. Co. v. Marlowe, 200 Ala. 568, 76 So. 926, L. R. A. 1918E, 155), and the insolvency of the mortgagor or his vendee aggravates the necessity for protection (High on Inj. [4th Ed.] § 480).

■ This is in accord with the doctrine that the owner of timbered lands is entitled to its enjoyment in its present status and to have the "benefit of the increment thereon"; and the tendency of judicial decision toward "protection of the owner by injunctive process, rather than leaving him to an action at law for money compensation" (Tidwell v. H. H. Hitt Lumber Co.,·198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232), will not forbid an application of an estoppel when the facts warrant. In the instant case the owner seeks to enjoy his lands and his timber as an increment thereon, by its cutting or sale and by the application to his first mortgage debt the usual quota of one half of the proceeds of that sale, and to apply to his second mortgage debt the other half. This offer and payment were accepted in the sense here pertinent, when the check for the $500 was collected and deposited, and thereafter applied to mortgagor's debt, and he was so notified. The second mortgagee, after noting this acceptance or application of payment of such part of that purchase price, also accepted or applied the balance of the purchase price on its debt, the basis of the second mortgage. This gave field for operation and application of the rule of estoppel against injunctive relief against committing waste by mortgagor or his vendee; it presented no question of the statute of frauds, or the right of specific performance.

This controversy arose by reason of a subsequent inspection of the property and a difference of opinion as to the market value of the timber, and not over the right of the mortgagor or his vendee to sell his timber and apply the agreed and usual aliquot part of the proceeds to the mortgage debt, which was done in this case.

It was the agreement of counsel that "J. Percy Oliver, a witness for the respondents, who is absent, if present, would testify that the check for $500.00 payable to the Sturdivant Bank was left with him to be delivered to said bank when it was shown to him that the $500.00 check payable to Federal Land Bank was cashed and that he held said Stur-

divant Bank check until the $500.00 Federal Land Bank check was brought to him showing that same had been cashed, together with the letter and the statement from the Federal Land Bank to V. C. Vines and heretofore introduced in evidence." The letter and statement referred to were those from the first mortgagee to mortgagor of credit of the $500.00 on the debt secured by mortgage. They were as follows:

"Check from Tucker Land Co. to Federal Land Bank

"For release of Verse Vines timber .

"Loan Number

"Camp Hill, Ala., Jan. 13th, 1926   192 No.
"Bank of Camp Hill 61–265

"Pay to the order of Federal Land Bank of New Orleans $500.00 Insured Five Hundred Dollars Insured Dollars.

"Tucker Land Co.
"Per A. A. Pinnell.

"Certified            P  2
"Jan. 13th, 1926       A  1̅
"O. S. Heard, Cashier  I  2̅
                       D  6

"For Deposit Federal Land Bank of N. O.
"Special Payment Statement and Letter.

"Special Payment.
"Loan No. 14525. ·

"Name: V. C. Vines, of R F D Dadeville, Ala., Box 83 Chambers County NFLA of Alabama.

"Installment date 1/15 Interest at 5½%.

"Principal in installments No. ——— to No. ——— $500.00.

"One per cent. for unexpired portion of five years ——— Yrs. ——— Mos. ——— days.

"The Federal Land Bank of New Orleans v. Southmont Manufacturing Co. et als.

"Documentary Evidence of Respondent.

"Interest at ——— per cent. from date of last payment ——— to ——— date of credit.

"Your credit $500.00.
"Total amount to be paid
"Figured to 1/26 1926.

"The Federal Land Bank of New Orleans.

"T. F. Davis, President      Fifth District
"R. T. Goodwin, Vice-Pres.      Alabama ·
"J. V. De Gruy, Treasurer      Mississippi
"J. M. Koonce, Secretary.      Louisiana
"J. S. Allen, Director
"F. S. Swalm, Director
"C. C. Gaspard, Director
"H. G. Ashley, Registrar

"April 9th, 1926.

"Mr. V. C. Vines, R F D, Dadeville, Alabama, Box 83. Dear Sir:

"Re: Your loan #14525

. "The funds which you deposited with us as substituted collateral have been applied to your account according to the enclosed statement.

"The pamphlet enclosed herewith will give you full information concerning the credit, interest charges and the effect that the credit will have upon your account.

"Trusting that the disposition of the funds will meet your approval, we are,

"Yours very truly,
"J. V. De Gruy, Treasurer."

The case of Clark v. Whitfield, 213 Ala. 441, 105 So. 200, was a controversy between joint owners as to coal mining that destroyed the estate and not by reason of the mortgagor's right to commit waste as it affected the security for debt to the mortgagee. In Trannon v. Towles, 200 Ala. 82, 75 So. 458, the mortgagor did not stipulate to retain the possession and enjoyment of the usual rights of an owner as against the mortgagee. These cases do not militate against the conclusion announced by the trial judge in the decree rendered.

The acceleration clause in the mortgage of failure to pay installments or keep covenants was at the option of the mortgagee, and it is not shown that the whole amount of the mortgage was declared due and payable on January 13, the day the installment became due.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.