MONROE, Judge,
dissenting.
This case underscores the harsh effect our law has on those would-be testators who, for whatever reason, do not seek legal assistance in preparing their wills. As a result, despite the existence of a will stating the clearest of intentions and possessing adequate safeguards to assure there is no fraud or undue influence, the law tosses the document out as invalid if it is missing any component deemed necessary by statute.
This is the type of ease that people cite in arguing with increasing frequency that the legal system applies the law in ways that often produce results contrary to common sense. The legal system itself has recognized the unfairness of such strict adherence to will formalities. In July 1990, the Uniform Probate Code adopted a new section, § 2-503, which Alabama has not adopted, which is intended to extend “to will formalities the harmless error principle that has long applied to defective compliance with the formal requirements for nonprobate transfers.” Unif. Prob.Code § 2-503 (1990), comment. See also, Miller, Will Formality, Judicial Formalism, and Legislative Reform: An Examination of the New Uniform Pro *456 bate Code “Harmless Error” Rule and the Movement Toward Amorphism, 43 Fla.L.Rev. 167 (1991). As long as there is no evidence of fraud or undue influence, the principle of harmless error should be applied in cases like this one, where to require that each “i” is dotted and each “t” is crossed does more harm than good.
The husband typed out his will, which conveyed his real and personal property to his wife upon his death. He signed and dated the will, had it notarized, which involves more time and expense than having two witnesses sign the document, and then gave it to his wife, who kept the document with her personal effects. Having the will notarized serves the same function and provides the same safeguards as having two witnesses sign the will. Indeed, if the document were a deed, which in some cases can require attestation by two witnesses, § 35-4-20, Ala. Code 1975, if the deed were sworn to and subscribed before a notary public, it is deemed attested as required by statute. Clark v. House, 205 Ala. 195, 87 So. 593 (1920).
One of the purposes behind having two witnesses sign a will is to safeguard against fraud. Weaver v. Grant, 394 So.2d 15 (Ala.1981). There is no evidence of fraud in this ease, except for the fraud imposed by the law and the court’s refusal to give force to the husband’s intentions. In this case, we have applied the law in a way that serves only to defeat the clear intent of the husband in providing for his wife after his death.
Without a doubt, the husband intended for his property to go to his wife after he died. Rather than defeat the intentions of the would-be testator simply because he had his will .notarized rather than have two people sign it, I would give meaning to his intentions by finding that he properly conveyed the property to his wife by deed. The document executed by Joseph Rucker meets all the requirements of a conveyance of real property, i.e., it is written or printed on paper, signed at the foot by Rucker, whose execution of the deed is attested by a witness, in this case, a notary public. § 35-4-20, Ala. Code 1975. The wife filed the document as a deed at the probate court. The document can be construed as a deed conveying to the wife a vested remainder in the estate, to be hers in fee simple upon his death, while keeping for himself a life estate in the property. See § 35-4-211, Ala.Code 1975.