# Trammell *v.* Craddock.

### *Bill in Equity to Protect Equitable Title.*

1. *Parol lease; equitable relief.*—Where a lessee under a parol lease of land having paid the rent in advance for the entire term, and having been let into into possession under the lease, taking a receipt for the rent stipulating that the lessor or his wife if they desired might "redeem from the lease" by refunding the amount paid for the unexpired term, and the lessor and wife having died without offering to redeem and the administrator of the lessor recovered the land in an action of ejectment with damages for its detention; the lessee can maintain a suit in equity to be restored to the unexpired term, and for an account of the money collected in the ejectment suit and for rents and profits accruing after the lessee's ouster.

2. *Same; in such case right to redeem from lease a personal privilege.* In the case above stated the right to redeem from the lease was a personal privilege, reserved to the lessor and his wife, and both having died without asserting such right the lease became absolute and unconditional for the full term specified therein.

3. *Same; defense at law.*—The lessee, in such case, having only an equity, and not the legal title, could not successfully defend against an action at law.

4. *Same; jurisdiction of equity.*—A court of chancery having taken jurisdiction to protect the lessee's equitable title, will retain the cause and settle all the questions involved in the litigation.

APPEAL from the Chancery Court of Tallapoosa.

Tried before the Hon. S. K. McSPADDEN.

The bill was filed by appellee against the administrators of the estate of the lessor and his heirs at law for restoration of possession of the leased property, and for an accounting as to rents and the money paid by the lessor on the judgment recovered against him in the ejectment suit. The defendants demurred separately, the grounds of their demurrers, so far as pertinent to the points decided, being, that the facts averred in the bill showed there was an adequate defense at law, that the contract of the lease was not such as could be specifically enforced and that the facts alleged did not show a right in the complainant to an account-

[Trammell v. Craddock.]

ing. The demurrers were overruled and the defendants appealed. The remaining facts are set out in the opinion of the court.

S. O. HOUSTON, E. M. OLIVER, and J. W. STROTHER, for the appellants.—The complainant had a complete and adequate remedy at law, both by action for damages for breach of the contract, and because he could have successfully defended the action of ejectment, the rule being that to support such an action the plaintiff must not only have the legal title but the right to *immediate possession.—Thompson v. Ives*, 11 Ala. 239, 244; Sedg. & Wait Trial of Title to Land, § 350, p. 252; Waterman on Spec. Perf. § 9. The contract as set out in the bill is not such an executory agreement as will authorize the interference of a court of equity to enforce its specific performance because, by its terms, it is revocable.—Bishop on Contracts, §§ 623, 636; *Rust v. Conrad*, 47 Mich. 449; *Buck v. Smith*, 29 Mich. 166; *Express Co. v. R. R. Co.*, 99 U. S. 191; Frye on Spec. Perf. §§ 43–45, 64; Waterman on Spec. Perf. §§ 23, 34; Snell's Principles of Eq., p. 454; *Marble Co. v. Ripley*, 10 Wall. 339; *Manning v. Wadsworth*, 4 Md. 59; *Meason v. Kaine*, 63 Pa. St. 335; *Hercy v. Birch*, 9 Vesey, 357. The facts averred in the bill do not show a right in complainant to an accounting.—12 Amer. & Eng. Encyc. of Law, 139, *Noble v. Moses*, 74 Ala. 609.

H. A. GARRETT and JOHN A. TERRELL, for the appellee, cited Code, § 1732, and authorities there referred to; *Harrison v. Palmer*, 76 Ala. 157; *Guilmartin v. Wood, id.* 204.

COLEMAN, J.—The averments of the bill show, that about January 1st, 1887, appellee, Craddock, leased from one D. U. Trammell a certain farm for a period of ten years for a consideration of five hundred dollars to be paid cash in advance, that he paid the money in advance, and was put into possession of the. farm, which is particularly described in the bill. The bill avers that the lessor, Trammell, executed a receipt for the payment of "the five hundred dollars for the rent of the above described lands for said ten years a copy of which is hereto attached marked Exhibit A, and prayed to be taken as a part of the bill."

D. U. Trammell, the lessor, died during the summer of 1887, and his wife, Theodora Trammell, died the following year, 1888. After the death of the lessor, his brother R. J. Trammell, appellant, qualified as his administrator. Exhibit "A," denominated in the bill a receipt, is in the following language:

[Trammell v. Craddock.]

"$500.00. Received of A. M. Craddock five hundred dollars for rent on farm for (10) years at rate of (50) fifty dollars per year, but in case I or my wife wants the farm at the end of any year during the (10) ten years, I or either of us has the right to redeem same from lease by refunding the ($50) per year for the unexpired time and by paying (15) fifteen per cent. on the same for the time the money was used by me, the time to be counted from January 1st, 1887. (Signed) D. U. Trammell."

The bill avers that neither D. U. Trammell nor his wife, desired or offered to "redeem" the land from under the lease but recognized it as a binding lease, so long as either lived. The bill then avers, that R. J. Trammell, administrator of D. U. Trammell, brought suit in ejectment against him for the land, and in March 1891, recovered the lands from him together with four hundred and seventy-five dollars damages for the detention thereof and cost of suit. The legal heirs of D. U. Trammell and his administrator are made parties defendant. The bill prays that the title for the unexpired term of the lease be divested out of the defendants, that complainant be restored to his possession, and that the administrator be made to account for rents, and be enjoined from the further collection of the judgment recovered in the ejectment suit.

There is no written memorandum of the contract of lease other than that contained in the receipt, which we have copied. In this there is no description of the land leased and no words of conveyance of title. The contract was in parol. Having paid the entire purchase price in advance, and having been placed in possession of the leased land, the contract is not within the operation of the statute of frauds, but is a valid contract. Neither the lessor D. U. Trammell nor his wife during their respective life time offered to "redeem the land from the lease" but recognized its validity. The right to redeem was a personal privilege, reserved to the lessor and his wife, and both having died without asserting this right, the lease became absolute and unconditional for the full term of ten years.

In an action of ejectment in a court of law, the legal title must prevail. The lessee not having a legal title to the lease, but only an equity, he could not successfully defend the action at law. His equity as shown by the averments of the bill is perfect, and upon proof, will be protected in a court of equity. A court of chancery having jurisdiction to protect his equitable title, will retain the case, and settle all the questions involved in the litigation. The bill shows that

[Bonifay v. Hassell.]

complainant is entitled to an account, and the administrator, respondent, is accountable for all moneys collected by him in the ejectment suit, and the complainant is entitled to recover the rents and profits accruing since he was ousted under the writ of possession in the ejectment suit. The decree of the Chancery Court is

　　Affirmed.