(87 South. 818)

**WILLIAMS v. NOLAND.. (2 Div. 706.)**

(Supreme Court of Alabama. Nov. 25, 1920.)

1. **Mortgages ⬅605—On bill to enforce equity of redemption offer to do equity held sufficient and tender ·not necessary.**

In a bill by a mortgagor to enforce the equity of redemption and enjoin foreclosure as well as for an accounting, an offer to do equity and pay whatever may be found due on the mortgage debt is sufficient, and an actual tender is unnecessary.

2. **Quieting title ⬅34(1)—Bill to enjoin foreclosure held not one to remove mortgage as cloud on title.**

A bill to enjoin foreclosure and enforce the equity of redemption cannot be deemed a bill to remove the mortgage as a cloud on the title, unless there is an affirmative averment that the debt was paid in full.

3. **Mortgages ⬅338—Bill to enjoin foreclosure and enforce equity of redemption cannot be attacked as one to cancel mortgage.**

A bill filed pending foreclosure of a mortgage to enforce the equity of redemption and enjoin foreclosure and incidentally for an accounting, etc., which alleged that complainant had made numerous payments on the debts but had kept no record, and that defendant refused to allow complainant to examine his books of account, etc., is not changed by reason of the averment that complainant did not know whether he was indebted in any amount to a bill to cancel the mortgage as a cloud on the title, and so subject to objection because it did not appear that complainant was not in possession.

4. **Mortgages ⬅338—On bill to enjoin foreclosure held no adequate remedy at law.**

Where a mortgage was given to secure a debt then existing and for advances made without adjustment or settlement of the account, the mortgagor who sought to enjoin foreclosure and prayed for an accounting, etc., has no adequate remedy at law, and relief cannot be denied on that ground.

5. **Usury ⬅111(1)—Bill sufficient to show that debt secured by mortgage was infected with usury.**

A bill seeking to enjoin foreclosure and enforce the equity of redemption and for an accounting, etc., which alleged that the mortgage was given to secure a debt arising from plaintiff's dealings between the parties and for advances to be made, on which numerous charges of usurious interest have been made, *held* sufficient to show that the debt secured by the mortgage was infected with usury.

6. **Usury ⬅95—Debtor need not tender legal interest to get relief.**

Where usurious interest was charged, the debtor, to escape liability, need not tender or offer to pay legal interest.

7. **Mortgages ⬅199(3, 4), 338, 602—Mortgagee in possession must account for rents and profits and apply them to mortgage debts; bill to enjoin foreclosure held not demurrable.**

A mortgagee in possession before foreclosure must account to the mortgagor, in a proceeding to redeem from the mortgage, for rents and profits, and the mortgagor is entitled to have them applied in extinguishment of the mortgage ·debt; consequently an averment in a bill to enjoin foreclosure, to redeem, etc., that the mortgagee was let into possession under an agreement to pay rent, did not render the bill demurrable.

8. **Mortgages ⬅338—Bill to enjoin foreclosure and for accounting held not open to demurrer.**

A bill to enjoin foreclosure of a mortgage, enforce the equity of redemption and for an accounting, etc., is not open to demurrer on the ground that it failed to show that complainant did not know the amounts paid and that respondent knew anything more about it than did complainant, where it appeared that respondent had in his possession books containing the accounts between the parties, which he refused to allow to be inspected except in court, and that complainant had no books of account.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Bill by C. I. Williams against D. J. Noland to restrain foreclosure of mortgage and for accounting and to redeem. From a decree sustaining demurrers to the bill, complainant appeals. Reversed, rendered, and remanded.

Demurrers (e) and (f) are as follows:

(e) For that it affirmatively appears from the averments of said bill that the complainant does not know, and has no means of knowing, what sums he has paid respondent for which he should receive credit, and fails to aver or show that this respondent knows anything more about it than the complainant does.

(f) For that it affirmatively appears from the averments of said bill that the complainant voluntarily turned over his cotton and other farm products to the respondent, and fails to show that the same was to be allowed to the complainant as a credit on the mortgage debt and its market value, or any particular sum whatever.

This bill was filed by appellant against appellee pending foreclosure under the power of sale to enforce the equity of redemption and restrain foreclosure, and seeks as incidental relief an accounting to ascertain the amount of the mortgage debt, and to purge the debt of charges of usurious interest. The complainant offers to do equity by paying whatever balance may be ascertained to be due the respondent on the mortgage. debt.

The respondent interposed a demurrer to the bill as a whole, questioning its general equity, and also the sufficiency of the averments to warrant the granting of relief in any one of the several aspects. These demurrers were sustained, and from that decree this appeal is prosecuted.

The bill, in substance, avers that for a long period of time, and at the time of the filing of the bill, the respondent was engaged in the business of a general merchant; that

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

complainant had been engaged in farming, and that during the years 1908 to 1916, inclusive, respondent advanced to the complainant, at his instance, such merchandise as he needed in his business, under an agreement that respondent would charge interest on the amount of goods so advanced at the rate of 12½ per cent. per annum; that complainant from year to year made payments on the indebtedness so contracted until the year 1913, but, being illiterate and unable to read or write, and having perfect confidence in respondent, he kept no record of such payments, but relied on those kept by respondent, and that respondent would accord him fair and honest treatment; that in the year 1913 complainant, desiring to obtain further advances, applied to respondent therefor, and respondent advised him that he would have to secure the debt then existing by a mortgage, and for such purpose the complainant on April 10, 1913, executed a mortgage on his lands and personal property and the crops to be grown thereon in the future, and delivered the same to respondent; that while the mortgage expresses a consideration for the purpose of securing an indebtedness of $600, to become due and payable on October 15th of that same year, in fact no settlement or adjustment of the account between the parties was had.

The bill further avers that complainant made large payments upon the mortgage, and during the years 1913, 1914, and 1915 turned over to the respondent all the crops of cotton, cotton seed, corn, and other products grown on said land, to be applied and credited on said indebtedness, the value of which is unknown to complainant, and for this reason he is unable to state the amount of credit he is entitled to receive by reason of such funds; that he relied upon respondent to enter such credits and to deal justly with him in respect thereto; that respondent, during each year, added to said indebtedness interest at the rate of 12½ per cent., stating in several instances the specific amounts of interest charged during the years from 1909 to 1914, inclusive.

The bill further avers that, while the mortgage recites an indebtedness of $600 due from the complainant to the respondent, "at the time of the execution of said mortgage there had been no settlement between himself [complainant] and respondent of their said past business dealings, and at the time he gave said respondent said mortgage respondent told complainant that whenever they had a settlement of their said dealings it would make no difference as to the amount appearing in the mortgage, that he would treat him fair and did not want anything but what was right;" and complainant avers that, relying on respondent's said statements to him, he made and executed to respondent said mortgage.

The bill further avers that respondent, claiming that there is a large amount due under the mortgage, has advertised the property described thereunder for sale, and that, although complainant repeatedly demanded a settlement of their dealings and a statement of the account, respondent has refused to give him a statement or make such settlement, or allow complainant to see his books, asserting that he would show his books in court.

I. I. Canterbury, of Linden, for appellant.

The demurrers go to only parts of the bill. Simms, Chancery Prac. 430. The equity of the bill was not destroyed by the prayer in the alternative. 122 Ala. 518, 26 South. 133. The bill properly made a case for an accounting. 93 Ala. 542, 9 South. 256; 54 Ala. 378, 25 Am. Rep. 711; 181 Ala. 320, 61 South. 941; 176 Ala. 223, 57 South. 696; 7 Ala. 217. The demurrer admits that the mortgage was given dependent upon a future settlement, and that the debt, if any, ascertained to be due on such settlement, would be the amount covered by the mortgage. 176 Ala. 381, 58 South. 283, 40 L. R. A. (N. S.) 129, Ann. Cas. 1915A, 714. Usurious charges would be eliminated by the accounting. 181 Ala. 271, 61 South. 804; 190 Ala. 499, 67 South. 395; 111 Ala. 477, 20 South. 428; 74 Ala. 604; 61 Ala. 492. Appellant was entitled to credits for incomes and profits, arising after the mortgagee was put in possession. 42 Ala. 275; 198 Ala. 119, 78 South. 395.

William Cunninghame, of Linden, for appellee.

Each alternative must entitle the plaintiff to the same relief. 3 Brickell, 378. Unless the plaintiff was in possession of the land, he could not remove cloud from title. 145 Ala. 686; 193 Ala. 395, 69 South. 483; 200 Ala. 382, 76 South. 298. The averments of possession are not sufficient. 170 Ala. 362, 54 South. 172. There was no tender, as is required. 19 R. C. L. 515; Jones on Mortgages, § 1095. To avoid usury, the averment must be strict and particular. 61 Ala. 492; 79 Ala. 76; 110 Ala. 294, 18 South. 302; 127 Ala. 103, 28 South. 654. The delivery of the goods and chattels was not a loan or forbearance. Section 4623, Code 1907; 127 Ala. 269, 28 South. 658. No fraud or vitiating fact is averred in the pleading. 181 Ala. 271, 61 South. 804; 113 Ala. 479, 22 South. 288, 59 Am. St. Rep. 129; 77 Ala. 394.

BROWN, J. The bill as last amended is one by the mortgagor against the mortgagee, filed pending foreclosure to enforce the equity of redemption and enjoin the foreclosure of the mortgage under the power of sale; and, as incidental relief, the bill prays for an accounting to purge the debt secured by

the mortgage of usurious interest and to ascertain the amount due thereon.

[1] The complainant offers to do equity, and avers that he stands ready and willing to pay whatever may be found to be due on the mortgage debt. This is a sufficient offer to do equity, and an actual tender was not necessary to give the bill equity. Murphree v. Summerlin, 114 Ala. 54, 21 South. 470; Jackson v. Putman, 180 Ala. 39, 60 South. 61; Security Loan Association v. Lake, 69 Ala. 456; Adams v. Sayre, 70 Ala. 318; Presnall v. Burgess & Co., 181 Ala. 263, 61 South. 804; Pryor v. Hollinger, 88 Ala. 405, 6 South. 760.

[2, 3] In view of the averments in the bill that complainant made numerous payments on the debts secured by the mortgage, and from time to time and year to year delivered to the respondent the products of his farm to be credited thereon; that he kept no record of such payments, and that he depended on the promises of the respondent to keep a record of such credits; and that the respondent kept books which he refused to allow the complainant to examine, and repeatedly refused to give complainant a statement of his account, although demand therefor was made—the character of the bill, as one to enforce the equity of redemption, is not changed in any of its aspects to one seeking cancellation of the mortgage as a cloud on complainant's title by the averment that complainant "does not know whether he is indebted to the respondent or not, and, if indebted, in what amount he is indebted," although the bill prays, in the alternative, that, in the event it be ascertained on an accounting that the debt has been paid in full, the mortgage be canceled of record, and the bill was not subject to the objection that it did not aver that the complainant was in possession at the time of the filing of the bill. There is in the bill an absence of affirmative averment that the debt has been paid in full. Such averment is essential to constitute it a bill to remove the mortgage as a cloud on the title. Drum & Ezekiel v. Bryan, 193 Ala. 395, 69 South. 483.

[4] Aside from these considerations the bill shows that the mortgage was given to secure a debt then existing and for advances to be made without an adjustment or settlement of the accounts between the parties, so as to ascertain and state a balance due on past transactions, and without regard to the amount actually due at that time, with an understanding that all such matters would be adjusted in the future. This arrangement between the parties left the account open from beginning to end, which condition of the account would "extend the issues in an action at law to the question of the balance actually due upon all their business transactions. This would involve such a multiplicity of items of debit and credit

205 ALA.—5

* * * as would defy any clear and intelligent solution at the hands of a jury in a collateral proceeding at law;" thereby rendering complainant's remedy at law wholly inadequate. Cudd v. Cowley et al., 203 Ala. 665, 85 South. 13.

[5] As before stated, the bill shows that the mortgage was given to secure a debt arising from previous dealings between the parties and for advances to be made, without an adjustment of the amount due on the date it was executed, and on which, as the bill avers, numerous charges of usurious interest have been made. These averments are sufficient to show that the debt secured by the mortgage was infected with usury; and the averments as to the amount of usury charged appear to be as full and specific as the circumstances of the case justify.

[6] The contention of the appellee that it was essential to the equity of the bill that the complainant tender or offer to pay the debt with legal interest is fully answered in Reynolds v. Lee et al., 180 Ala. 76, 60 South. 101.

[7] A mortgagee in possession before foreclosure must account to the mortgagor in a proceeding to redeem from the mortgage for the rents and profits arising from the mortgaged property, and the mortgagor is entitled to have such rents applied in the extinguishment of the mortgage debt. Roulhac v. Jones, 78 Ala. 398; Turner v. Wilkinson, 72 Ala. 361; Denby v. Mellgrew, 58 Ala. 147; Downs v. Hopkins, 65 Ala. 508. And, in such proceeding to redeem, the mortgagor would be entitled to have the rents accruing at any time subsequent to a statement of the accounts between the parties so credited. So the averment in the bill as amended to the effect that subsequent to the filing of the bill the mortgagee was let into possession under an agreement to pay rent did not render the bill demurrable. McMinn v. Karter, 123 Ala. 502, 26 South. 649; Karter v. Fields, 130 Ala. 430, 30 South. 504.

[8] It appears that respondent had in his possession a book containing the accounts between the parties, which he refused to allow inspected except in court, and that the complainant had no such books of accounts or records. Therefore additional ground (e) of demurrer was not well taken.

As we view the case, the bill was not subject to any of the stated grounds of demurrer, and the court erred in sustaining them.

Let the decree sustaining the demurrer be reversed, and one here rendered overruling the demurrer and remanding the cause for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.