·(113 So. 11)
**BOYD et al. v.· DENT.** (7 Div. 670.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Granted May 12, 1927.

**I. Usury** ⊂⇒34—**Equity will look behind written contract and purge debt of usurious interest.**

In suit by mortgagors to redeem from purchase-money mortgage, if the contract of sale providing for the execution of notes evidencing an indebtedness of a certain amount was a mere subterfuge to cover a usurious contract to purchase for a lesser amount, equity will look be-

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

hind the subterfuge, and will purge the debt of the usurious interest.

**2. Compromise and settlement ⬤⇒23(I)—Usury ⬤⇒II3—Purchase-money mortgagors had burden of showing that consideration for sale contained usurious interest, and of overcoming presumption arising from settlement by executing mortgage after contract.**

In suit to redeem from purchase-money mortgage, mortgagors had burden of sustaining their allegations that consideration for contract of sale represented, not only actual consideration, but also usurious interest, and of overcoming presumption arising from settlement by execution of mortgage and notes subsequent to execution of contract of sale.

**3. Evidence ⬤⇒383(7) — Deed's recital of amount of consideration is prima facie evidence thereof.**

Recital in deed as to the amount of the consideration is not conclusive, but at most is prima facie evidence of the amount of the consideration.

**4. Evidence ⬤⇒383(7)—Recitals in contract of sale of amount of consideration are prima facie evidence between parties.**

Recitals in contract of sale as to the consideration paid and to be paid are prima facie evidence of the amount of the consideration as between the parties thereto.

**5. Compromise and settlement ⬤⇒23(I)—Usury ⬤⇒II7—Purchase-money mortgagors held not to have shown usury, nor overcome presumption arising from settlement.**

In mortgagors' suit to redeem from purchase-money mortgage, mortgagor held not to sustain burden of showing that consideration stated in contract of sale represented, not only true consideration, but also usurious interest, and of overcoming presumption arising from settlement by execution of mortgage and notes subsequent to making of contract.

On Rehearing.

**6. Mortgages ⬤⇒616 — Mortgagors, alleging usury and offering balance due, were entitled to have amount due ascertained and to redeem, though failing to show usury.**

In suit to redeem from mortgage, where mortgagors alleged that the mortgage debt contained usurious interest and offered to pay any balance found to be due, they were entitled to have the amount due ascertained, and an opportunity to redeem by payment of the debt found due and costs, though they failed to show usury.

Brown, J., dissenting.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity for redemption from a mortgage by Fred Boyd and another against H. B. Dent. From a decree dismissing the bill, complainants appeal. Reversed and remanded on rehearing.

Rutherford Lapsley, of Anniston, for appellants.

A mortgagor in possession, alleging in his bill threat of foreclosure by mortgage for amount largely in excess of the mortgage debt, offering to pay what is justly due, has the absolute right to a reference and ascertainment of the debt, and his bill should not be dismissed without according him this right. Johnson v. Smith, 190 Ala. 521, 67 So. 401. If the beneficiary of the contract obtains a higher rate of interest, or obtains under the contract, as forbearance for the use of the money, a larger amount than would inure to him at legal rate of interest, or if the contract is usurious on its face, the intention to take usury is presumed. Van Beil v. Fordney, 79 Ala. 76. On the sale of real estate, the purchaser becoming indebted to the seller, the contract is tainted with usury if it appears that the payee under the terms of the contract, is to receive more than the principal and legal interest. Wild v. Crum, 207 Ala. 132, 92 So. 252.

Willett & Willett, of Anniston, for appellee.

Where the question is one of fact whether the original contract was tainted with usury, and the trial court, hearing the witnesses, determined there was no usury, his decree dismissing the bill should not be disturbed.

BROWN, J. By this bill the appellants invoke the aid of a court of equity to protect and enforce their equity of redemption under a mortgage executed by them to the appellee on the 28th day of February, 1923, for $650. The equity of the bill rests on the assertion made by the averments of the bill:

"That on, to wit, the 15th day of January, 1916, a joint contract and agreement of sale was made between orators and said H. B. Dent, in pursuance of an agreement to purchase the lands (previously described) for the sum of $800. * * * And orators further state and charge that in and *by the terms of said agreement and the contract it was agreed between the parties that usurious interest should be paid by orators, and was included in the terms of said contract,* by reason of which said H. B. Dent is not entitled to any interest upon the payments made under the said contract of purchase." That at the time of the execution of the mortgage a large portion of the purchase money had been paid, and that complainants did not owe an amount therein in excess of $200; "but, notwithstanding this fact, the said Dent procured the signatue of orators, on February 28, 1923, to a series of notes aggregating $650, of which said notes orators have paid, down to this time, the last payment being made on March 23, 1925, the sum of $140 and interest thereon, which payment orators charge and aver is sufficient to satisfy said debt in full. If such payment is not sufficient to cover the full amount of said indebtedness, there is only a small amount due

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thereon, which orators are ready, willing, and able to pay, upon due ascertainment of the same under decree of this court."

[1] If in fact there was an agreement between the parties, antecedent to the written contract of sale attached as Exhibit A to the bill, by the terms of which the defendant agreed to sell and complainants to purchase the property at an agreed price of $800, to bear interest at, a usurious rate, and this agreement was embodied in the written contract in the form there expressed, and by the execution of the 91 notes therein mentioned, evidencing an indebtedness of $1,070, and this was a mere subterfuge or cover for the usurious contract, and this is the purport of the quoted averments, a court of equity will look behind this subterfuge and purge the debt of the usurious interest. Blue v. First National Bank of Elba, 200 Ala. 129, 75 So. 577; Lewis v. Hickman, 200 Ala. 672, 77 So. 46; Sewell v. Nolen Bank et al., 204 Ala. 93, 85 So. 375.

[2] But the burden is upon the complainants to offer proof sufficient to reasonably sustain the truth of these averments, and overcome the presumption arising from the settlement between the parties culminating in the execution of the mortgage and notes which it was given to secure. Cudd v. Cowley, 203 Ala. 665, 85 So. 13.

[3, 4] The recital in the deed as to the amount of the consideration is not conclusive, but at most prima facie evidence, of the amount agreed to be paid. Jones on Evidence, § 469. And the recitals in the contract as to the consideration paid and to be paid, as between the parties to the contract, was likewise prima facie evidence of the amount of the consideration.

While the testimony of the complainants is in accord with the recitals in the deed, and tends to sustain the contention that the consideration for the sale of the property was $800, it is unsatisfactory and uncertain as to what, if any, interest was agreed to be paid, and is in direct conflict with their conduct in the subsequent execution of the notes and mortgage seven years after the original purchase, while, the defendant's testimony sustains the contention that the written agreement expresses the true consideration.

After careful consideration of all the evidence, we are of opinion that the complainants failed to meet the burden of proof imposed upon them by the pleadings, and that the decree of the circuit court dismissing the bill was free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

BROWN, J. The appellants insist that, notwithstanding the failure in their proof to show that the mortgage debt was tainted with usury, they were entitled to have the amount due on the mortgage ascertained by the court, or on reference to the register. The fault in the appellants' insistence is that the bill presents the case in the single aspect—that because of the alleged usury there was a dispute between the parties as to the amount of complainants' liability.

Pretermitting the question of usury, there appears no substantial dispute between the parties as to the amount due on the mortgage, and there is an absence of averment or proof showing a request by the complainants for a statement of the amount due, and a refusal on the part of defendant to furnish such statement, or a tender or offer to pay the amount admitted to be due, and a refusal to accept such tender, or that there was any threatened abuse or perversion of the power of sale.

The filing of a bill by the mortgagor in possession to protect and enforce his equity of redemption is a restriction on the right of the mortgagee to exercise the power of sale, and subjects a foreclosure thereunder, pending the suit, to avoidance in the event the complainant prevails. Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Thompson v. Atchley, 201 Ala. 398, 78 So. 196; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Burns v. Mtg. Bond Co. of N. Y., 199 Ala. 77, 73 So. 987.

While a tender of the amount which the complainants conceive to be due on the mortgage debt is not essential to the equity of the bill, the failure to make such tender being material only as affecting the costs, yet to justify the interference of a court of equity with the exercise of power of sale the averments of the bill must present some juristic question, such as that the mortgagee refused to accept payment of the mortgage debt when tendered, or by interposing groundless objections to a redemption has forced the mortgagor to resort to the proceeding to protect his right, or that the mortgagee is attempting to pervert the power of sale from its legitimate purpose and use it to oppress the mortgagor, or that there is a dispute between the parties as to the amount due on the mortgage, which prevents complainants from discharging it. McGuire v. Van Pelt et al., 55 Ala. 344; Struve v. Childs, 63 Ala. 473; Security Loan Ass'n v. Lake, 69 Ala. 456; McCalley v. Otey, 90 Ala. 302, 8 So. 157; Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963; 2 Jones on Mtgs. § 1095.

Before the enactment of the statute now found in section 9026 of the Code of 1923, providing that "the payment of the mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage," and which first appeared in the Code of 1886, there was a reason for filing a bill to redeem—to divest the title, which had become absolute by the default of the

mortgagor, out of the mortgagee and invest it in the mortgagor—but now the statute accomplishes this when the debt is paid, without a decree of court.

In Johnson v. Smith, 190 Ala. 522, 67 So. 401, cited by appellants, it was shown by the averments of the bill that Johnson, after the death of complainant's husband, took possession of a mule and wagon belonging to Smith, and also a large quantity of cotton and other agricultural products covered by the mortgage, which were sufficient in value to pay off the mortgage debt, and that, when request was made by complainants for a statement of the amount due on the mortgage and the credits which had been made, the defendant refused to furnish such statement, and threatened to foreclose, and advertised the property for sale.

The only controversy between the parties, as presented by the pleadings and proof, was determined by the trial court against the appellant, and the bill was dismissed, and the writer is of the opinion that the decree was properly affirmed.

[6] ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., hold that, notwithstanding complainants' failure to show usury, the offer in the bill to pay any balance found to be due gave the bill equity, and complainants were entitled to have the amount due on the mortgage debt ascertained, and an opportunity to redeem by payment of the debt so found to be due and the costs, and that the circuit court erred in dismissing the bill.

The rehearing is therefore granted, the decree of the circuit court is reversed, and the cause is remanded.

BROWN, J., dissents.