(119 So. 2)

### EZZELL v. FIRST NAT. BANK OF RUSSELLVILLE. (8 Div. 37.)

Supreme Court of Alabama. Dec. 6, 1928.

sawmill and cut the lumber on the lands covered by the mortgages, agreeing to deduct the operating expenses of $12.50 per thousand, and apply the balance to the mortgage debt, and under this agreement the respondent cut from 125 to 150 thousand feet, which was sold for $20 per thousand and upward. That complainant was represented in this transaction by her brother, A. B. Ezzell, who hauled and transported a great part of the lumber, and for which respondent agreed to pay said Ezzell $3.50 per thousand feet, "which said sum of $3.50 per thousand feet should also be credited on said mortgages." That complainant and her brother turned over to the respondent the sawmill located on said property, which the respondent sold for the sum of $450, "which said amount was also to be credited on said mortgages."

The bill avers that the respondent has failed and refused to credit said mortgages as it agreed to do, and avers that the amounts received by the respondent are more than sufficient to pay the mortgage debts, but submits herself to the jurisdiction of the court, and offers to do equity by paying any amount found to be due thereon.

By the demurrers filed to the bill, the respondent asserts that the bill is without equity; that the respondent is not amenable to the jurisdiction and powers of the state court; that, under its charter as a national bank, it was without power to engage in the lumber business and the agreement pleaded is ultra vires; that the bill is multifarious, and that on the facts alleged A. B. Ezzell was a necessary party.

Williams & Chenault, of Russellville, for appellant.

By agreement of the parties, the case was submitted to the court on November 12, 1927, for decree on the demurrers to the bill, and on March 31, 1928, the court entered a decree sustaining the demurrers and dismissing the bill, without affording the complainant an opportunity to amend the bill.

The rule of our decisions is that a mortgagor in possession may, without previous tender, file a bill to protect and enforce his equity of redemption, and have a judicial ascertainment of the amount of the mortgage debt, though there is no juristic controversy as to the amount due; and a mere offer to do equity by paying the amount ascertained to be due by the court is all that is necessary to give the bill equity. Boyd et al. v. Dent, 216 Ala. 171, 113 So. 11.

J. Foy Guin, of Russellville, for appellee.

And pending such bill for redemption the mortgagee cannot impair the right of the mortgagor to redeem under his equity of redemption. Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Thompson v. Atchley, 201 Ala. 398, 78 So. 196; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Burns v. Mortgage Bond Co. of N. Y., 199 Ala. 77, 73 So. 987.

BROWN, J. This bill is one by the mortgagor, filed pending foreclosure under the power of sale for an accounting and redemption from the mortgages held by the respondent and covering complainant's property, and to enjoin the foreclosure.

As a basis for an accounting, the bill avers: The respondent by agreement took over a

And where, as here, taking the averments of the bill as true, as must be done on demurrer, the mortgagee has received and

464

has in its possession money which should be applied in reduction or discharge of the mortgage debt, and refuses to so apply such money, the mortgagor may maintain a bill for an accounting and redemption, and to compel application of the funds to the reduction of the mortgage debt. Johnson v. Smith, 190 Ala. 522, 67 So. 401. This is true, though the funds have been acquired by the defendant in the exercise of acts not within its corporate powers, and are ultra vires. 7 R. C. L. 677; German Nat. Bank v. Meadowcroft, 95 Ill. 124, 35 Am. Rep. 137; Rankin v. Emigh, 218 U. S. 27, 30 S. Ct. 672, 54 L. Ed. 915; Emigh v. Earling, 134 Wis. 565, 115 N. W. 128, 27 L. R. A. (N. S.) 243.

National banks as to such matters are citizens of the state of their domicile, and subject to the jurisdiction of the state courts, as other citizens. Petri v. Commercial Nat. Bank of Chicago, 142 U. S. 644, 12 S. Ct. 325, 35 L. Ed. 1144; Ex parte Jones, 164 U. S. 691, 17 S. Ct. 222, 41 L. Ed. 601; Continental Nat. Bank of Memphis v. Buford, 191 U. S. 119, 24 S. Ct. 54, 48 L. Ed. 119; Guthrie v. Harkness, 199 U. S. 148, 26 S. Ct. 4, 50 L. Ed. 130, 4 Ann. Cas. 433; 3 R. C. L. 689, §§ 321, 322.

The relief sought relates to the same property and between the same parties, and it is not subject to the objection that it is multifarious. Code of 1923, § 6526; Forcheimer v. Foster, 192 Ala. 218, 68 So. 879; Webb et al. v. Butler et al., 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815; Mitchell et al. v. Cudd, 196 Ala. 162, 71 So. 660.

The bill seeks to have credited on the mortgage the amount due A. B. Ezzell from the respondent for transporting the lumber, and, though the averments of the bill be treated as sufficiently showing an agreement to this end, Ezzell is a necessary party, and the grounds of demurrer taking this point were well taken, and therefore the demurrer was sustained without error. Prout v. Hoge, 57 Ala. 28; Lunsford v. Marx, 214 Ala. 38, 106 So. 336; Baisden v. City of Greenville, 215 Ala. 514, 111 So. 2; Singo et al. v. Brainard, 173 Ala. 64, 55 So. 603; Gillespie et al. v. Gibbs et al., 147 Ala. 449, 41 So. 868.

The appellant insists, however, that the bill should not have been dismissed without giving the complainant an opportunity to amend, citing Pollock & Co. v. Haigler et al., 195 Ala. 522, 70 So. 258, and Olds v. Marshall, 93 Ala. 138, 8 So. 284.

From the report of those cases it appears that the decrees from which the appeals were prosecuted were rendered in vacation, and not in term time, but the rule of these cases has been applied, where the right to amend had not been previously exercised, to a decree rendered in the period intervening between the calls of the docket, where submission was taken and the case held for decree at a future date, and not pronounced in open court in the presence of the solicitors of the parties. Davidson et al. v. Rice, 201 Ala. 508, 78 So. 862.

A different rule obtains where the decree is rendered in open court, or where the parties have had ample opportunity to amend the bill. Hume v. Kirkwood, 216 Ala. 534, 113 So. 613; Hale v. Hale et al., 201 Ala. 28, 75 So. 150; Crowson v. Cody, 209 Ala. 674, 96 So. 875.

On the record here, and in the light of these authorities, we are of opinion that the complainant should have been given an opportunity to amend the bill to meet the rulings on the demurrers, before dismissing the bill.

The decree sustaining the demurrer is affirmed, but that part of the decree dismissing the bill is vacated and set aside, and leave is granted to the complainant to amend her bill within 20 days from the filing of the certificate of the clerk of this court with the register of the circuit court, and, failing so to do, the bill will stand dismissed.

Affirmed in part, and in part reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.