(127 So. 164)

## HALL v. HOLLY et al.

### 4 Div. 414.

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Granted March 20, 1930.

A. Whaley, of Andalusia, and J. D. Bailey, of Florala, for appellant.

G. W. Reeves, of Florala, and A. R. Powell, of Andalusia, for appellees.

BROWN, J.

On May 8, 1925, Angie Gallis, then the owner of the property the subject of this litigation, executed a mortgage thereon to R. A. Campbell to secure an indebtedness of $600, evidenced by a note of even date with the mortgage and falling due on May 8, 1926. On June 5, 1925, Mrs. Gallis conveyed all her interest in the property to complainant for a recited consideration "of ($1.00) one dollar and the satisfaction of a certain mortgage," this being recited in the deed which is made an exhibit to the bill.

The bill as last amended seeks to cancel the mortgage, and, in the alternative, to redeem therefrom, and avers:

· "That said mortgage deed was heretofore negotiated by the holder thereof to the respondents who, at the time this bill was filed, were the owners of the indebtedness secured thereby; that as the assignee of said Angie Gallis, complainant alleges that the said mortgage indebtedness aforesaid was paid off or discharged before the filing of this suit, and that said mortgage deed is of record in the office of the Judge of Probate of Covington County, Alabama, and open and not there marked satisfied or paid, and that therefore such mortgage and record thereof is a cloud upon the title of complainant in and to said property aforesaid; or, if complainant is mistaken in that said mortgage indebtedness is not paid off or discharged, and that said mortgage and the record of the same are not a cloud upon his title in and to said property aforesaid, then he alleges and charges that said indebtedness is small and that he is entitled to redeem under the equitable right of redemption in this Court under said mortgage as such assignee of said Angy Gallis, and he seeks such right in this cause and Court, offering to do equity in the premises; and that complainant is able, ready and willing so to do.

"That complainant is in the actual or constructive possession of said real property aforesaid; that respondents are seeking to foreclose said mortgage under the powers thereof, and are seeking to hold, recover or

598

preserve items or amounts in such that are not secured thereby, and or some indebtedness of the husband, Charles Gallis, and which was, nor is not the indebtedness of the said wife Angy Gallis, referred to above; that there was payment or credits on said mortgage indebtedness, and that if said indebtedness really secured by said mortgage aforesaid is not paid, then the remainder would be small and is in dispute and uncertain."

The respondents' demurrer, going to the bill as a whole, was sustained and the bill dismissed.

■ The complainant standing in the shoes of the mortgagor, having succeeded to her equity of redemption, had the right to file a bill to protect and enforce such equity of redemption, without previous tender, and an offer to do equity was sufficient to give the bill equity. Ezell v. First National Bank of Russellville, 218 Ala. 462, 119 So. 2; Boyd et al. v. Dent, 216 Ala. 171, 113 So. 11; Williams v. Noland, 205 Ala. 63, 87 So. 818.

■ If it should be made to appear, however, that the debt secured and intended to be secured by the mortgage was the debt of the husband, this could not avail appellant, if he assumed the payment of the debt as part consideration for the execution of the deed to him.

■ The averments of the bill, however, "that said mortgage deed was negotiated by the holder thereof to the respondents who, at the time this bill was filed, were the owners thereof," on demurrer, are not sufficient to show that the respondents acquired the legal title to the property covered by the mortgage, and the mortgagee was a necessary party to the bill, considered in either of its aspects. Broughton v. Mitchell, 64 Ala. 210; Hodge v. Joy et al., 207 Ala. 198, 92 So. 171.

■ The point was taken by demurrer, but the ground of demurrer does not name the party omitted and was not sufficiently specific under the statute to uphold the decree sustaining the demurrer to the bill as last amended. Code of 1923, § 6553; Chambers v. Wright, 52 Ala. 444; Nelson et al. v. Wadsworth et al., 171 Ala. 603, 55 So. 120.

It results that the application for rehearing is granted, the judgment of affirmance set aside, and the decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.

SAYRE, THOMAS, and FOSTER. JJ., concur.