141 So. 192

## MOORE v. BERRYMAN et al.

### 8 Div. 319.

Supreme Court of Alabama.

April 14, 1932.

O. Kyle, of Decatur, for appellant.

W. L. Chenault, of Russellville, for appellees.

THOMAS, J.

The appeal is from a decree sustaining demurrers to the bill as originally filed and as amended.

The bill was to restrain the foreclosure of a mortgage, for the redemption of said mortgage on real property before foreclosure, for the elimination of usury alleged to be carried therein on accounting, for the due and proper marshaling of assets between several securities and parties alleged to be interested therein, and the appropriation of payments alleged to have been made on the mortgages.

The allegations are sufficient as a bill for injunction and redemption on the averred facts of complication of accounts, demand for more than was due on the mortgage sought to be foreclosed, the charge of usury, and that the mortgagee had acquired another mortgage on his personal property with which to oppress and harass complainant. The charge of failure of a due application of payments made on the real estate mortgage avers a necessity for restraining actions at law as to the properties with which he operated his farm, and the collection of amounts not due on the mortgage, and complainant submits to the jurisdiction of the court, offers to do equity by payment of whatever sum that may be found legally due on the mortgage and decreed by the court.

The case made by the pleading before us is different from that in Security Loan Association v. Lake, 69 Ala. 456, and is within the influence of the majority opinion in Carroll v. Henderson, 191 Ala. 249, 68 So. 1; Lampkin v. Stout, 199 Ala. 101, 74 So. 239. In Castleman v. Knight, 215 Ala. 429, 110 So. 911, 912, the just observation is:

"The equity of the bill may be rested upon the well-recognized jurisdiction of a court of equity to prevent a perversion of the power of sale in a mortgage from its legitimate purpose to that of oppression of the debtor and to purposes foreign to that for which it was intended. The following quotation containing the principle here controlling has found frequent repetition in our subsequent decisions:

" 'The legitimate purpose, for which the power to sell in this defendant's mortgage deed was given, was to secure him repayment of his mortgage money. If he uses the power to sell, which he gets for that purpose, for another purpose, from any ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals, the court considers that to be what it calls a fraud in the exercise of the power, because it is using the power for a purpose foreign to the legitimate purposes for which it was intended.' "

So, also, in Boyd v. Dent, 216 Ala. 171 (6), 113 So. 11, it was decided "In a suit to redeem from the mortgage, where the mortgagors alleged that the mortgage debt contained usurious interest and offered to pay any balance found to be due, they were entitled to have the amount due ascertained, and an opportunity to redeem by payment of the debt found due and costs, though they failed to show usury."

And the question here pertinent was concluded in Ezzell v. First National Bank of Russellville, 218 Ala. 462, 463, 119 So. 2, 3, as follows: "The rule of our decisions is that a mortgagor in possession may, without previous tender, file a bill to protect and enforce his equity of redemption, and have a judicial ascertainment of the amount of the mortgage debt, though there is no juristic controversy as to the amount due; and a mere offer to do equity by paying the amount ascertained to be due by the court is all that is necessary to give the bill equity."

In a bill to enjoin foreclosure, to enforce equity of redemption, an offer to do equity is sufficient, and tender was unnecessary. Williams v. Noland, 205 Ala. 63, 87 So. 818. This the instant bill offers to do.

The further pertinent observation is contained in Smith v. Cook, 220 Ala. 338, 340, 124 So. 898, to the effect that, to enforce equity of redemption, it was not necessary to allege an offer to redeem and refusal by the mortgagee, yet, if the facts show that there is no controversy, the plaintiff will be taxed with the costs. Here it is averred that there was ill will between the parties; that complainant sent his wife, who was a relative of the mortgagee, with the request for the amount of the indebtedness and necessary for redemption; that the information was denied, and an effort to the end of peaceable settlement between the parties, out of the courts, was foreclosed by respondent. Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2.

As to the power of a court of equity to retain a bill for the settlement of the accounts of the parties under the facts as averred, it is not necessary to do more than cite the authorities on an accounting as an incidental relief. Trammell v. Craddock, 100 Ala. 266, 268, 269, 13 So. 911; Tecumseh Iron Co. v. Camp, 93 Ala. 572, 574, 9 So. 343; Julian v. Woolbert, 202 Ala. 530, 81 So. 32.

The general demurrer tested the defects of substance, and, if there be proper amendments to be made, they are treated or considered as having been made. Wood v. Burns, 222 Ala. 650, 133 So. 696; Dothan Oil Mill Co. v. Espy, 220 Ala. 610, 127 So. 178.

The court treated the demurrer as general and as sufficient to test the equity of the bill, and we have so considered that ruling and hold there was error in sustaining the demurrer.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.