148 So. 325

### GAUNTT v. McKISSACK.
### 5 Div. 127.

Supreme Court of Alabama.

May 18, 1933.

Jas. W. Strother, of Dadeville, for appellant.

Richard H. Cocke, of Alexander City, and C. S. Melton, of Dadeville, for appellee.

FOSTER, Justice.

The bill in this case was filed by a mortgagor against the holder of two mortgages after maturity and after the holder had begun foreclosure under the powers of sale by publication of notice. It alleges that the second mortgage was given to secure the same debt as that secured by the first, and an additional sum advanced, whereas the holder claimed the full amount of them both, but that the second mortgage embraced the entire debt; also that the amount claimed included usurious interest. It sought a redemption and injunction, and offered to do equity.

An injunction was ordered and issued, but the court later sustained the demurrer upon the ground that there was no equity in the bill, and dissolved the injunction. . This appeal is from that decree.

This court is now fully committed to the equity of such a bill. Williams v. Noland, 205 Ala. 63, 87 So. 818; Boyd v. Dent, 216 Ala. 171, 113 So. 11; Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2; Dudley v. Colonial Lumber Co., 223 Ala. 533, 137 So. 429; Moore v. Berryman, 224 Ala. 555, 141 So. 192.

█ In the case of Boyd v. Dent, supra, the rule is stated to be that a bill to redeem is sufficient, and relief to that extent may be ordered, when there is an offer to pay the unpaid balance, upon a bill filed, after the debt is due. If the suit is shown to be useless, and no controversy should develop as to the amount due, the court should still decree relief, but tax the cost accordingly. Moore v. Berryman, supra.

In most of the cases cited above, there was, in addition to a redemption, also an injunction sought and sustained by the allegations; but when so there were allegations showing more than a right to redeem by paying the claim, but, also, circumstances of oppression or other inequitable conditions. In Boyd v. Dent, supra, it does not appear that there was an injunction sought, nor any controversy as to the amount except a claim of usury, not sustained by the proof. In all the others cited above an injunction was sought, but there was shown to be a controversy as to the amount due, in the form of disputed or unliquidated items, or the necessity of an accounting, or of usury claimed to be involved.

█ It has often been pointed out that a foreclosure pending a bill to redeem cannot impair a right to that effect which may be decreed in that suit. Ezzell v. First Nat. Bank, supra; Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348, and cases cited.

Therefore such a foreclosure could only obviate the necessity of a decree of foreclosure which would be available and may be desirable in event complainant failed to redeem after the right had been decreed.

█ The bill in this case not only alleges that the holder of the mortgages is claiming contrary to the facts that the amount recited in them is its consideration, each separately, and that both amounts are due in the aggregate, but that complainant has made payments on the debt, and he is unable to state the amounts and dates, but that they are shown by the books of the bank, which was the mortgagee, and that an accounting is necessary, and that the debt includes usurious interest in the sum of at least $600. Those averments seem to us to be sufficient to justify the issuance of an injunction upon a bill which shows a right to the equity of redemption, and an effort to enforce such right, and an offer to pay the amount ascertained to be due. Ezzell v. First National Bank, supra; Moore v. Berryman, supra; Ballenger v. Price, 219 Ala. 412, 122 So. 628; Castleman v. Knight, 215 Ala. 429, 110 So. 911; Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48.

We think there was error in sustaining the demurrer to the bill for want of equity, and dismissing it, and dissolving the injunction for that reason.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.