157 So. 852

## UNION CENTRAL LIFE INS. CO. OF CINCINNATI, OHIO, et al. v. THOMPSON.

### 4 Div. 786.

Supreme Court of Alabama.
Nov. 30, 1934.

Ballard & Ballard, of Montgomery, for appellants.

L. H. Brassell, of Troy, for appellee.

BROWN, Justice.

Bill by a mortgagor in possession filed pending foreclosure under the power of sale, against the mortgagee and its attorneys who were proceeding with the foreclosure, for an accounting and the ascertainment of the amount due on the mortgage debt, and to enjoin the foreclosure.

The property was advertised for sale on July 5, 1934, at the courthouse door in Troy, Ala.; the bill was filed and the injunction issued on July 3d, but the writ was not served on the defendants until the 6th of July. After the filing of the bill, the defendants, not having notice of the issuance of the injunction, proceeded with the sale, the mortgagee becoming the purchaser at the sale, and foreclosure deed was executed to it and filed for record on the date of the sale. Thereafter motion was made by the defendants "to dissolve and to discharge the injunction" for want of equity in the bill, upon the denials of the answer, and because the injunction was not served "before the act sought to be enjoined was done." On the hearing of the motion "to dissolve and to discharge the injunction" an interlocutory order was entered by the court denying the same.

On the day that the court denied the motion to dissolve and discharge the injunction, the complainant filed a petition praying that the foreclosure sale "be set aside, vacated and held for naught," etc., and on the hearing of the petition the court granted the same.

This appeal is from the decree overruling the motion "to dissolve and to discharge the injunction."

The bill alleges that the original amount of the mortgage debt was $4,000, for money borrowed, which did not exceed 60 per cent. of the actual market value of the property, which is reasonably worth $8,000; that complainant "has paid about $1,000.00 to said company (the mortgagee) on said mortgage debt, though said company contends that orator now owes * * * more than $3,600.00, notwithstanding said payments; that if orator is given credit for all such payments he will not be due company said sum of $3,600.00, nor nearly that amount."

The complainant in his bill submits himself to the jurisdiction of the court and of-

fers to do equity, and to pay such amount as the court may ascertain and decree due on the debt.

These averments, under the repeated decisions of this court, give the bill equity. Boyd et al. v. Dent, 216 Ala. 171, 113 So. 11; Gauntt v. McKissack, 226 Ala. 624, 148 So. 325; Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2; Hall v. Holly et al., 220 Ala. 597, 598, 127 So. 164; Dudley et al. v. Colonial Lumber Co., 223 Ala. 533, 137 So. 429; Moore v. Berryman et al., 224 Ala. 555-558, 141 So. 192.

■ In considering the ground of the motion to dissolve for want of equity, amendable defects in the bill are considered as made. Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516; Chambers et al. v. Alabama Iron Co., 67 Ala. 353.

■ "And, when the motion is grounded on the denial in the answer, the allegations of the bill will be taken as true, unless self-contradictory, or positively denied, and matters in avoidance will not be considered." Holcomb et al. v. Forsyth, 216 Ala. 486, 489, 113 So. 516, 518; Moses v. Tompkins, 84 Ala. 613, 4 So. 763.

■ In considering the motion as grounded on the denials of the answer, the court is invested with a wide discretion and will weigh the relative degree of injury or benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand, or its dissolution on the other. Harrison v. Yerby, 87 Ala. 185, 6 So. 3; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 So. 50.

■ The foreclosure having proceeded to its consummation before the writ of injunction was served, its maintenance can do the defendant no hurt, and the mere fact that it was abortive to protect the complainant does not render it irregular.

We are, therefore, of opinion that reversible error was not committed in denying the "motion to dissolve and to discharge the injunction."

■■ The regularity and soundness of the order of the court granting complainant's petition to vacate the foreclosure sale are not before us on the appeal from the interlocutory decree overruling the "motion to dissolve and to discharge the injunction," and the assignments of error predicated thereon will not be considered. That order is merely interlocutory and may be set aside or modified by the trial court. In an opinion just announced from this bench, the following pertinent observation was made: "The foreclosure of the mortgage after the filing of the original bill did not oust the court of its jurisdiction, and the foreclosure, while not absolutely suspended, is yet subject to the equity of the bill and may be set aside by the court if the complainant is awarded relief, and a purchaser at such mortgage sale does so subject to the right of the court in the pending cause to ignore or set aside said sale. McDermott et al. v. Halliburton et al., 219 Ala. 659, 123 So. 207; Brown et al. v. Bell, 206 Ala. 182, 89 So. 659; Pattillo v. Tucker, 216 Ala. 572, 113 So. 1." Taylor v. Hoffman et al., ante, p. 420, 157 So. 851.

We discover no reversible error on the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.