175 So. 356

## ADAMS v. WHITEHEAD.

### 6 Div. 118.

Supreme Court of Alabama.

June 17, 1937.

390

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellee.

GARDNER, Justice.

Complainant seeks, first, the cancellation of the mortgage upon the theory of its payment, and, second, if mistaken in this respect, that he be permitted to exercise his equity of redemption, and offers to pay whatever sum may be found due by the court. The learned chancellor, considering the first alternative, evidently reached the conclusion complainant had not shown payment, accepted defendant's theory of the case, and dismissed the bill.

We have read the evidence with much care and noted the irreconcilable conflicts therein. And upon due consideration the conclusion on the facts has been reached in harmony with the finding of the court below. We are persuaded defendant's version of the matter is correct, which shows a total indebtedness of $516.08 on this property, secured by the mortgage of October 25, 1927, and only a credit of $48, the proceeds of a bale of cotton.

Defendant insists complainant was due him much more on account, but there is no pretense that any such additional indebtedness was secured by the mortgage, or has any relation thereto. There is no occasion, therefore, for its consideration in this proceeding.

Due consideration has been given evidence offered by complainant as to work done, and credit sought therefor on the mortgage debt. But we do not find any such credit agreement satisfactorily established by the proof, and, as to work done, we are of the opinion complainant has been paid therefor so far as any responsibility of defendant is concerned.

Upon the whole, we conclude complainant has failed to establish his theory of payment, and that the chancellor correctly so ruled. Like conclusion is reached as to the plea of usury. And, clear enough, the matter of payment was the principal contention in the case.

But another aspect was presented in the alternative, which was evidently overlooked in the court below, and which necessitates a reversal of the decree. This alternative theory relates to the exercise of the equity of redemption. The bill was filed before any foreclosure of the mortgage, and the foreclosure proceedings continued to a sale pending this suit. But it is well settled by our decisions that the foreclosure of the mortgage, after the filing of such a bill, did not oust the court of its jurisdiction, and the foreclosure, while not absolutely suspended, is yet subject to the equity of the bill, and may be set aside by the court, if complainant is awarded relief. McDermott v. Halliburton, 219 Ala. 659, 123 So. 207; Brown v. Bell, 206 Ala. 182, 89 So. 659; Pattillo v. Tucker, 216 Ala. 572, 113 So. 1; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Taylor v. Hoffman, 229 Ala. 420, 157 So. 851; Gauntt v. McKissack, 226 Ala. 624, 148 So. 325.

And it is equally well settled that, notwithstanding complainant's failure to establish usury or payment, yet the offer in

the bill to pay any balance found to be due, gives the bill equity, and complainant is entitled to have the amount due on the mortgage debt ascertained, and an opportunity to redeem by payment of the debt so found to be due and the costs, and that a dismissal of the bill without this opportunity is error. Boyd v. Dent, 216 Ala. 171, 173, 113 So. 11; Gauntt v. McKissack, supra; Ezzell v. First National Bank, 218 Ala. 462, 119 So. 2.

If the litigation proves to be useless, and no controversy develops as to the amount due, the court should still decree relief, but tax the cost accordingly. Gauntt v. McKissack, supra; Moore v. Berryman, 224 Ala. 555, 141 So. 192.

No previous tender was necessary, and complainant, therefore, has the right to have the court ascertain the amount due to be paid on the mortgage, and an opportunity to pay the same, and then to satisfy the mortgage.

For the dismissal of the bill without this opportunity to pay, and thus exercise the equity of redemption, the decree must be reversed, but with directions that the court ascertain the amount due on the mortgage debt with the sum of $516.08 fixed as the amount of the principal, less $48 credit thereon, and with interest and attorney's fee added thereto, if such attorney's fee had accrued when the bill was filed; and with the further direction that a decree be entered fixing a prescribed date, not less than sixty days, within which complainant is to pay such sum, together with the cost of the cause, and failing therein, that his bill be dismissed; but upon payment thereof within the prescribed time, the mortgage shall be surrendered and canceled and the record thereof marked satisfied by the register, and the foreclosure proceedings set aside.

Upon this appeal complainant is successful only in part, and unsuccessful as to his principal contention in the cause, the reversal being rested solely upon the theory of the protection of the exercise of his equity of redemption.

These matters considered, we conclude the cost of this appeal should be taxed one-half against each of the parties.

Reversed and remanded, with directions.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.