198 So. 848

### WESSON et al. v. TAYLOR.

5 Div. 329.

Supreme Court of Alabama.

Nov. 28, 1940.

Robt. S. Milner, of Dadeville, for appellants.

Sam W. Oliver, of Dadeville, for appellee.

286

BOULDIN, Justice.

 The mortgagor of real estate, before foreclosure, has an equity of redemption therein. A court of equity has original jurisdiction to enforce this equity.

██ A bill by the mortgagor against the mortgagee, disclosing such equity of redemption, submitting to the jurisdiction of the court, offering to pay the amount ascertained to be due on the mortgage debt, and, thereupon, praying a surrender and cancellation of the mortgage, contains equity.

 This resort to equity is not cut off by pending proceedings by the mortgagee to foreclose under power of sale. Unless restrained, the mortgagee may proceed under the power of sale, but any such sale becomes subject to the lis pendens of suit in equity.

 No tender, nor excuse for not making tender, is essential to the equity of the bill. If the mortgagor fails to sustain averments of partial payments, full payment, or other defenses going to the existence or amount of the mortgage debt, this does not defeat the equity of his bill. The taxation of costs should take such matters into consideration. But complainant is entitled to a decree ascertaining the amount of the mortgage debt, prescribing the time and terms for redemption. An appropriate decree on failure to comply with such terms should follow.

These principles have been declared in a long line of decisions, and need no further elaboration. Adams v. Whitehead, 234 Ala. 389, 175 So. 356; Beasley v. Ross, 234 Ala. 335, 174 So. 764; Gauntt v. McKissack, 226 Ala. 624, 148 So. 325; Moore v. Berryman et al., 224 Ala. 555, 141 So. 192; Boyd et al. v. Dent, 216 Ala. 171, 113 So. 11; McGuire v. Van Pelt et al., 55 Ala. 344.

The trial court erred in dismissing the bill.

 It appears the mortgage was given for purchase money of lands in the sum of $1,000. The chief matter of controversy was an alleged payment of $800 by check signed by the mortgagor payable to the mortgagee, and properly stamped paid by the bank. It appeared this bank went into liquidation and its affairs wound up and closed by decree of a court of competent jurisdiction. This decree, entered some years before this suit was filed, directed that the records of the bank be destroyed. This evidence was pertinent to disclose such records not available as evidence touching this alleged check. If in existence, these records were equally available to both sides so far as appears. The trial court excluded the check as evidence. The evidence proving the signatures of drawer and indorser, with the cancellation by the bank and its possession by the drawer, disclosing on its face that it was for "payment on land" would become evidence in the nature of a receipt to be considered in connection with all the other evidence touching the alleged payment, unless it bore evidence of alteration or other suspicious data which called for explanation by the party relying thereon.

 The check is not before us, and we cannot affirm error in the ruling on its admissibility. The ledger account of the mortgagee showed a payment of $80, the annual interest only, with some other credits not in dispute.

The questions: "Now, Mr. Wesson, was that the only mortgage you executed to Mr. Nolen?" "And that is the only transaction you had with him?" were not subject to objection because of the incompetency of the witness touching transactions with the deceased whose estate is interested in the suit.

 Negative evidence of this character, while throwing some side-light on the transaction involved in the suit, is held admissible, and not within the inhibition of Code, § 7721.

The statute excludes testimony touching facts coming to the knowledge of the witness through transactions with or statements by the deceased. Payne, Ex'r, v. Long, 131 Ala. 438, 31 So. 77; Warten et al. v. Black, 195 Ala. 93, 70 So. 758; Williams et al. v. Dent, 233 Ala. 109, 170 So. 202; Moore v. Moore et al., 212 Ala. 685, 103 So. 892.

The question was fully considered in Warten et al. v. Black, supra. The court erred in sustaining objections to the above questions on the grounds stated.

We neither express nor intimate an opinion on the issues of fact. The record before us does not present all the evidence available to the trial judge.

For the errors above disclosed the decree of the court below is reversed and the cause remanded for further proceedings in consonance with this opinion.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.