8 So.2d 576
**PARKS et al. v. EAST GADSDEN BANK.**

**7 Div. 707.**

Supreme Court of Alabama.
June 11, 1942.

Motley & Motley, of Gadsden, for appellants.

McCord, Miller & McCord, of Gadsden, for appellee.

BROWN, Justice.

Bill by the mortgagors against the mortgagee, offering to do equity, and seeking to exercise the equity of redemption.

The bill avers that $80 of the indebtedness secured by the mortgage is a valid debt due from the mortgagors to the mortgagee, that the remainder of the debt $187.60 was in consideration of the settlement of a criminal prosecution for forgery then pending against one Ingram Parks, the son of complainants, who was then confined in the jail in Etowah County, "and that the respondents refused to withdraw said warrant and release their said son unless the complainants executed a mortgage on their home * * * and complainants in order to secure the release of their son executed said mortgage, and their son was then released from imprisonment." That said imprisonment "was used as a threat to overcome their will and compel the signing of said mortgage."

The defendant demurred on the following grounds:

"Said bill states no cause of action.

"Said bill shows on its face that $80.00 of said mortgage was a legal debt. * * *

"For aught appearing the prosecution for forgery was not done by said bank.

"For that from the facts set forth in said bill, the said mortgage is a legal, valid and binding mortgage."

The court sustained the demurrer, hence this appeal.

The law is settled that a mortgagor in possession, without previous tender, may file a bill in equity to protect and enforce his equity of redemption, and have judicial ascertainment of the amount of the debt in fact due, and necessary to be paid to discharge the mortgage lien. An offer to do equity by paying such sum is all that is necessary to give the bill equity. Boyd et al. v. Dent, 216 Ala.

171, 113 So. 11; Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2.

The circuit court erred in sustaining the demurrer.

Reversed and remanded.

GARDNER, C. J., THOMAS, and FOSTER, JJ., concur.